UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-cv-22471-DPG

NORTH AMERICAN SUGAR INDUSTRIES, INC.,

    Plaintiff,

v.

XINJIANG GOLDWIND SCIENCE & TECHNOLOGY CO., LTD., GOLDWIND INTERNATIONAL HOLDINGS (HK) LTD., DSV AIR & SEA INC., BBC CHARTERING USA, LLC and BBC CHARTERING SINGAPORE PTE LTD.,

    Defendants.

_____/

**DEFENDANTS' MOTION TO STAY DISCOVERY AND PROCEEDINGS PENDING RESOLUTION OF DEFENDANTS' JOINT MOTION TO DISMISS**

Defendants Goldwind International Holdings (HK) Ltd., DSV Air & Sea Inc., BBC Chartering USA, LLC, and BBC Chartering Singapore PTE Ltd. (collectively, "Defendants"),[1] pursuant to Federal Rule of Civil Procedure 26 and this Court's Notice of Court Practice (ECF No. 4), move the Court to enter an Order staying all discovery and deadlines in this action pending resolution of Defendants' case-dispositive, joint motion to dismiss the Complaint (ECF No. 54). In that motion, Defendants argue that, as a threshold matter, this Court lacks subject matter jurisdiction over this action altogether, and that Plaintiff's claims fail to state a claim for relief. Because these circumstances provide good cause for the requested stay, which is reasonable and could save substantial judicial and party resources, the Court should grant this Motion. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the

---

[1] As of the date of this filing, Xinjiang Goldwind Science & Technology Co., Ltd. has not been served.

district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.").

## BACKGROUND

On June 15, 2020, Plaintiff North American Sugar Industries Inc. ("Plaintiff") filed the Complaint in this action, alleging various claims under Title III of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 (22 U.S.C. §§ 6081–85) (the "Act") (ECF No. 1).[2] In the Complaint, Plaintiff alleges that Defendants "trafficked" in a port in Cuba that the Cuban government confiscated from Plaintiff by Defendants "coordinat[ing] at least two separate voyages that delivered and unloaded equipment [from China] at [the port], by way of Florida, for use in the Herradura Wind Farm Project." *Id.* ¶ 103; *see also id.* ¶¶ 198–203, 216–17, 230–33.

On August 31, 2020, Defendants filed a joint motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim ("Joint MTD," ECF No. 54). In the Joint MTD, Defendants argue that the Court lacks subject matter jurisdiction because (1) Plaintiff lacks constitutional standing to sue because the alleged injury is not fairly traceable to any one Defendant's conduct and (2) Plaintiff cannot bring this action, and the Court lacks subject-matter jurisdiction over it, because Plaintiff recently filed for bankruptcy but did not disclose to its creditors and the Court the causes of action it pursues here. Defendants also argue in the Joint MTD that the Act precludes Plaintiff from bringing causes of action both under the Act and under common law (here, Plaintiff's claim for civil conspiracy) for the same incidents of alleged trafficking, and that the Complaint fails to state a claim because it does not allege facts plausibly showing that Defendants knowingly and intentionally trafficked in the confiscated property (as defined in the Complaint).

---

[2] The Complaint also asserts a claim for civil conspiracy, which is impermissible under the express terms of the Act. *See* ECF No. 54, at pp. 32-34.

Also on August 31, 2020, Defendants filed separate motions to dismiss for lack of personal jurisdiction.  ECF Nos. 48, 52, and 53.  After seeking and securing an unopposed enlargement of time to respond to the various Rule 12 motions, the deadline for Plaintiff's responses was set October 14, 2020.  ECF Nos. 56, 58.  On September 29, 2020, Plaintiff moved both for leave to conduct jurisdictional discovery and to stay the deadline to respond to Defendants' Rule 12(b)(2) motions, leaving the deadline to respond to the Joint MTD as October 14, 2020.  All activity, including but not limited to any jurisdictional discovery and the briefing on the Rule 12(b)(2) motions, should be stayed pending resolution of the Joint MTD.

## **ARGUMENT**

A district court has ample power to control its docket and enjoys broad discretion to stay proceedings and discovery pending resolution of a case-dispositive motion.  *See* Fed. R. Civ. P. 26(b)(1), (2)(A)-(C); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (observing that "a district court is entitled to establish proper pre-trial procedures and set an appropriate pre-trial schedule . . . .").  As the Eleventh Circuit has observed, "[i]f the district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Chudasama*, 123 F.3d at 1368 (holding that district court should have ruled on motion to dismiss before compelling discovery).

The primary considerations are whether the party seeking the stay can demonstrate good cause and that the stay is reasonable.  *United States v. Med-Care Diabetic & Med. Supplies, Inc*., No. 10-81634-CIV, 2014 WL 12284078, at *1 (S.D. Fla. June 17, 2014) (granting motion to stay discovery until resolution of motion to dismiss).  Determining good cause and reasonableness

requires "the Court to take a 'preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id*. (internal quotation marks and citation omitted).

Here, the Joint MTD establishes that the Court does not have subject matter jurisdiction over this action and that Plaintiff's Complaint otherwise fails to state a claim. In circumstances like this, courts stay all proceedings until resolution of a motion like the Joint MTD. *E.g.*, *Lawrence v. Governor of Ga.*, 721 F. App'x 862, 864–65 (11th Cir. 2018) (holding that the district court did not abuse its discretion in granting the defendant's motion to stay discovery and pre-trial deadlines pending a decision on a motion to dismiss). In *Lawrence*, the Eleventh Circuit lauded the district court for "identif[ying] [its] warnings in *Chudasama*, and heed[ing] them" as the complaint "support[ed] the district court's reluctance to allow the relevant pretrial procedures to begin, as . . . [m]any . . . issues were apparent from the face of the complaint, such as the district court's **likely lack of subject matter jurisdiction**." *Id*. (emphasis added); *see also Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 842 (11th Cir. 2020) (affirming stay of discovery pending resolution of defendant's Rule 12(b)(1) and Rule 12(b)(6) motions to dismiss); *Kleiman v. Wright*, No. 18-CV-80176-BB, 2018 WL 8620096, at *1 (S.D. Fla. Aug. 2, 2018) (granting motion to stay proceedings and discovery pending a decision on a motion to dismiss); *Chevaldina v. Katz*, No. 17-22225-CIV, 2017 WL 6372620, at *2 (S.D. Fla. Aug. 28, 2017) (same). Like the underlying motions in *Lawrence* and *Bufkin*, a "preliminary peek" at the Joint MTD reveals meritorious grounds that this Court lacks subject matter jurisdiction and this case should be completely disposed of at the outset.

There are two grounds upon which the Court lacks subject matter jurisdiction over this case. ***First***, Plaintiff's alleged injury altogether is not fairly traceable to any Defendants' conduct

as required by U.S. Const. art. III, § 2 because it occurred between 1959 and 1960, and Plaintiff has no possessory interest in the confiscated property – Plaintiff is in the exact same position today as it was before the two voyages at issue occurred. *See* Joint MTD, at 10-16. **Second**, the Court is deprived of jurisdiction and Plaintiff is judicially estopped from pursuing the claims related to the confiscated property because Plaintiff failed to disclose these interests to the Court and its creditors as required during its 2019 bankruptcy proceedings, and therefore has no interest in the claims. *Id.* at 16-29.

There are other grounds, in addition to lack of subject matter jurisdiction, why this action fails at the outset. **First**, the Act's "Election of Remedies" provision precludes plaintiff from bringing claims under both the Act *and* Florida common law. 22 U.S.C. § 6082(f). Plaintiff impermissibly sued Defendants under the Act and for civil conspiracy, and section 6082 of the Act bars the Plaintiff from bringing both claims. *See* Joint MTD at 32-34. Importantly, when specific jurisdiction over the Defendants is challenged, as here, this Court should first determine whether the Complaint states claims for relief. *Taylor v. Moskow*, 717 F. App'x 836, 839–40 (11th Cir. 2017) ("In Florida, before a court addresses the question of whether specific jurisdiction exists under the long-arm statute, the court must determine whether the allegations of the complaint state a cause of action.") (citing *PVC Windoors, Inc. v. Babbitbay Beach Const.*, N.V., 598 F.3d 802, 808 (11th Cir. 2010). Plaintiff alleges that the Court has specific jurisdiction over Defendants because they engaged in business related to its cause of action and committed a tort in Florida. *See* §§ 48.193(1)(a)(1) and (2). But if Plaintiff elects to pursue its remedies under the Act, and not for civil conspiracy, then the civil conspiracy claim cannot form the basis for establishing personal jurisdiction over any Defendant. **Second**, the Complaint alleges no plausible factual allegations that Defendants "trafficked" in all of the confiscated

property for which Plaintiff claims $97.37 million in damages. Instead, the Complaint only alleges that Defendants trafficked in the ***confiscated port*** within the confiscated property, which was valued at $2.228 million. The remaining allegations in the Complaint consist of conclusory recitations of the elements of a cause of action under the Act. *See* Joint MTD at 29-32. Therefore, entering a stay to consider the Joint MTD would also allow the Court to first determine whether a conspiracy cause of action is stated and is a proper basis for specific personal jurisdiction.

Here, a stay of all proceedings pending resolution of the Joint MTD would also comport with well-established Eleventh Circuit precedent and prevent wasting judicial and party resources on non-meritorious claims. And the possibility of such unnecessary expense and efforts is not hypothetical; Plaintiff has already demonstrated its intent to proceed with seeking jurisdictional discovery while the Joint MTD is pending. *See generally* ECF No. 59. In addition, the Court extended the date by which Plaintiff is to respond to Defendants' Rule 12(b)(2) motions until ***after*** the date in which it is to respond to the Joint MTD. ECF 61. It would be wasteful to take discovery and otherwise litigate the case when the Joint MTD will in all likelihood be fully briefed before any jurisdictional discovery is complete or the Rule 12(b)(2) motions are ripe for decision.

Given these circumstances, ample authority confirms that Defendants should not be forced to endure this undue burden and expense until the Joint MTD is resolved. *Chudasma*, 123 F.3d at 1368 ("[D]elaying ruling on a motion to dismiss . . . a [non-meritorious] claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs."); *Kleiman*, 2018 WL 8620096, at *2 (recognizing that staying the proceedings and discovery "under the particular circumstances

present here . . . [and] the high burden on engaging in discovery, much of which will involve locating evidence and witnesses [outside of the U.S.], during the pendency of Defendant's [m]otion to [d]ismiss that seeks dismissal on various grounds – **including standing** . . . – outweighs the potential harm to Plaintiffs") (emphasis added); *Chevaldina*, 2017 WL 6372620, at *3 ("Defendants should not be required to suffer monetary burdens or expenses when it appears that Plaintiff's claims may fail for several reasons as a matter of law.").

## CONCLUSION

For the foregoing reasons, the Court should enter an Order granting this Motion and staying all proceedings until resolution of the Joint MTD.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Prior to filing this Motion, Defendants' counsel conferred with Plaintiff's counsel and is authorized to represent to the Court that Plaintiff *opposes* the relief requested herein.

Dated: October 12, 2020

Respectfully submitted,

| | |
|---|---|
| Pedro A. Freyre<br>Florida Bar No.: 192140<br>Email:  pedro.freyre@akerman.com<br>Naim S. Surgeon<br>Florida Bar No.: 101682<br>Email:  naim.surgeon@akerman.com<br>AKERMAN LLP<br>Three Brickell City Centre<br>98 Southeast Seventh Street, Suite 1100<br>Miami, Florida 33131<br>Telephone: (305) 374-5600<br>Facsimile:  (305) 349-4654 | HOGAN LOVELLS US LLP<br>600 Brickell Avenue<br>Suite 2700<br>Miami, Florida 33131<br>Telephone:   (305) 459-6500<br>Facsimile:    (305) 459-6550<br><br>By:    */s/ Allen P. Pegg*<br>         Allen P. Pegg<br>         Fla. Bar No. 597821<br>         allen.pegg@hoganlovells.com<br>         Richard C. Lorenzo<br>         Fla. Bar No. 071412<br>         richard.lorenzo@hoganlovells.com<br>         Reginald Cuyler Jr.<br>         Fla. Bar No. 114062<br>         reginald.cuyler@hoganlovells.com |

Martin Domb
(admitted *pro hac vice*)
Email: martin.domb@akerman.com
AKERMAN LLP
520 Madison Ave.
20th Floor
New York, New York 10022
Telephone: (212) 880-3880
Facsimile: (212) 880-8965

By: */s/ Pedro A. Freyre*

*Attorneys for Defendants
BBC Chartering USA, LLC and
BBC Chartering Singapore Pte Ltd.*

*Counsel for Goldwind International Holdings (HK) Ltd.*

Robert M. Brochin
Florida Bar No. 0319661
bobby.brochin@morganlewis.com
Matthew Papkin
Florida Bar No. 106565
matthew.papkin@morganlewis.com
Sarah J. Cohen
Florida Bar No. 1010683
sarah.cohen@morganlewis.com
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard
Suite 5300
Miami, Florida 33131-2339
Telephone:  305.415.3000
Facsimile:  305.415.3001

By:*/s/ Robert M. Brochin*

John M. Vassos (admitted *pro hac vice*)
john.vassos@morganlewis.com
101 Park Avenue
New York, NY 10178
Telephone:  212.309.6000
Facsimile:  212.309.6002

Carl A. Valenstein (admitted *pro hac vice*)
carl.valenstein@morganlewis.com
One Federal Street
Boston, MA 02110
Telephone:  617.341.7700

Facsimile:  617.341.7701

*Counsel for Defendant*
*DSV AIR & SEA, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2020, the foregoing was filed with the Clerk of Court using CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record.

By: /s/ Allen P. Pegg
Allen P. Pegg