UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 20-cv-22471-GAYLES/Otazo-Reyes

NORTH AMERICAN SUGAR INDUSTRIES
INC.,

        Plaintiff,

v.

XINJIANG GOLDWIND SCIENCE & TECHNOLOGY
CO., LTD., GOLDWIND INTERNATIONAL
HOLDINGS (HK) LTD., DSV AIR & SEA INC.,
BBC CHARTERING USA, LLC, and
BBC CHARTERING SINGAPORE PTE LTD.,

        Defendants.
_____/

**BBC'S OPPOSITION TO PLAINTIFF'S MOTIONS (1) FOR LEAVE TO
CONDUCT JURISDICTIONAL DISCOVERY AND (2) TO STAY THE
BRIEFING SCHEDULE ON THE PERSONAL JURISDICTION MOTIONS**

**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
Tel.: 305-374-5600
Fax: 305-349-4656

*Attorneys for Defendants
BBC Chartering USA, LLC and
BBC Chartering Singapore Pte Ltd.*

October 12, 2020

55003053;1

Defendants BBC Chartering USA, LLC ("BBC USA") and BBC Chartering Singapore Pte Ltd. ("BBC Singapore") (each a "BBC Defendant" and jointly "BBC Defendants") submit this opposition to the motions of North American Sugar Industries Inc. ("Plaintiff") (a) for leave to conduct jurisdictional discovery (ECF No. 59), and (b) to stay the briefing schedule on the personal jurisdiction motions filed by the BBC Defendants and the other defendants (ECF No. 60).

## Introduction

Although a district court should allow a plaintiff to take jurisdictional discovery in appropriate circumstances – when there are legitimate factual issues bearing on a jurisdictional motion, plaintiff has identified specific discovery it needs concerning outcome-determinative facts, and there is no serious question as to the court's subject matter jurisdiction – such circumstances are not present in this case, particularly as to the BBC Defendants.

The BBC Defendants submitted, with their motion to dismiss for lack of personal jurisdiction, declarations and the relevant *actual* shipping documents, disclosing and evidencing their respective involvement and Florida contacts, or lack thereof, in connection with the two shipments on which the claims in this case are based. Plaintiff, in support of its motion for leave to take discovery, submitted (through a declaration of a researcher with no involvement in the events of this case) four printouts from a commercial website purporting to summarize details of those shipments. Those summaries contain glaring material errors, as shown below, and therefore *do not* rebut or raise legitimate factual questions about the shipments' details as shown in the *actual, official and authentic* shipping documents that BBC Singapore – which acted as agent for the carrier on both voyages – submitted.

55003053;1

Additionally, Plaintiff fails to identify the *specific* facts it wishes to discover from the BBC Defendants, instead asserting that it wants to inquire about any and all contacts by the BBC Defendants with Florida. Nor does Plaintiff specify the discovery methods it would use – document requests, interrogatories or oral depositions. Instead, Plaintiff seeks open-ended leave to take any and all jurisdiction-related discovery, from non-parties as well as all defendants, and by any means, including "remote depositions" (assuming they are available) (ECF No. 59 at 1). That is a classic "fishing expedition," which is never appropriate, especially when, as in this case, a pending motion to dismiss raises a serious challenge to the Court's subject-matter jurisdiction (among other dismissal grounds).[1]

For the reasons discussed below, the Court should deny Plaintiff's request to take discovery from the BBC Defendants. As to Plaintiff's related motion (ECF No. 60) to stay the briefing on the three pending personal jurisdiction motions, the Court instead should stay the personal jurisdiction motions *entirely* – including whether any discovery for those motions is appropriate – until the Court has decided defendants' joint dismissal motion.[2] The briefing on the joint dismissal motion is proceeding as scheduled, with Plaintiff's opposition due on October 14, 2020 (*see* ECF No. 60, ¶ 2).

## Legal Standard

Federal courts have the power to order jurisdictional discovery, *Eaton v. Dorchester Dev., Inc.,* 692 F.2d 727, 729 (11th Cir. 1982), and should do so when specific information a

---

[1]   In their joint motion to dismiss (ECF No. 54), defendants assert, among other things, that the Court lacks subject-matter jurisdiction both because Plaintiff lacks Article III standing and because Plaintiff relinquished its claim to its creditors and the bankruptcy court in its 2019 bankruptcy.

[2]   Today, Defendants filed their joint motion to stay the personal jurisdiction motions entirely pending the Court's decision on defendants' joint motion to dismiss.

plaintiff seeks, "if it exists, would give rise to jurisdiction." *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 Fed. Appx. 779, 790 (11th Cir. 2014). *See also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Resolution of a pretrial motion that turns on findings of fact – for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) – *may* require some *limited* discovery before a meaningful ruling can be made.") (italics added). Plaintiffs therefore have "a *qualified* right to conduct jurisdictional discovery." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (italics added).

Because the right is *qualified*, jurisdictional discovery is not appropriate in every case. There must be a "genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery." *Serra-Cruz v. Carnival Corp.*, 400 F. Supp. 3d 1354, 1363 (S.D. Fla. 2019) (citing *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1290 (S.D. Fla. 2014), and *Yepez v. Regent Seven Seas Cruises*, No. 10-23920-CIV, 2011 WL 3439943, at *1 (S.D. Fla. Aug. 5, 2011)). *See also RMS Titanic*, 579 Fed. Appx. at 791 (district court did not abuse its discretion in denying jurisdictional discovery where "the facts [plaintiff] sought would not have affected the district court's jurisdiction"); *Deane v. Royal Caribbean Cruises, Ltd. et al.*, No. 19-cv-23127 (Gayles, J.), Paperless Order, ECF No. 33 (Dec. 10, 2019) – a ruling plaintiff cited in its motion (ECF No. 59 at 7) – in which this Court denied jurisdictional discovery where "Plaintiff fail[ed] to establish a genuine factual dispute that must be resolved for the Court to determine whether it has personal jurisdiction over Defendants," and "Plaintiff fail[ed] to specify what information could or should be discovered through jurisdictional discovery that would affect the Court's jurisdictional analysis") (internal quotations and citations omitted).

Illustrating that that the right to jurisdictional discovery is qualified, the Eleventh Circuit in some cases has reversed a trial court's denial of jurisdictional discovery, *e.g.*, *Eaton* (ordering discovery of facts bearing on subject-matter jurisdiction), and in other cases has affirmed such denial, *e.g.*, *RMS Titanic, supra*; and *Posner v. Essex Ins. Co., Ltd.*, 178, F.3d 1209, 1214 n.7 (11th Cir. 1999) (upholding district court's denial of personal jurisdiction discovery where plaintiffs "failed to specify what they thought could or should be discovered"). As shown below, discovery concerning personal jurisdiction as to the BBC Defendants is neither necessary nor appropriate because Plaintiff has not raised a genuine dispute on a material fact that would warrant discovery and has not specified the discovery it would take.

## ARGUMENT

**A.     The BBC Entities Have Already Submitted the *Actual* Relevant Documents and Information**

BBC Singapore submitted with its Rule 12(b)(2) motion the *actual* shipping documents, along with a detailed declaration of its Managing Director, which evidence: (a) the *actual* ships' itineraries and other details of the two shipments involved in this case; (b) BBC Singapore's role as agent for the carrier (shipowner) in both voyages; and (c) its connections (or lack thereof) with Florida and the U.S., both as to the two voyages in question and generally. (ECF No. 50-1 [Schoennmann Decl.]; ECF No. 50-2 through ECF No. 50-6 [shipping documents].)

BBC USA submitted a detailed declaration of its President: (a) attesting that it did *not* act as agent for the two voyages (rather, BBC Singapore did); (b) attesting that it had no involvement in either shipment; and (c) describing its contacts with Florida (or lack thereof) and with the U.S. in connection with other shipments, unrelated to the ones involved in this case. (ECF No. 49-1 [Petersen Decl.].)

In its motion for leave to take jurisdictional discovery, Plaintiff submits nothing to rebut or question any of the documents or information that BBC Singapore or BBC USA submitted.[3] The four documents that plaintiff submitted are demonstrably inaccurate, as shown in Point B below, and raise no factual disputes that the Court must resolve in deciding whether it has personal jurisdiction over either BBC Defendant.

**B.       Plaintiff Relies on Inaccurate Information**

In support of its motion to take jurisdictional discovery, Plaintiff submitted four documents, through the declaration of a researcher unaffiliated with any party or other entity that was involved in the two shipments in question (ECF No. 59-1 [Auerbach Decl. with exhibits]). The documents are not actual or official shipping documents; rather, they're printouts from a commercial website, panjiva.com, which collects data on shipments worldwide and publishes summaries for subscribers (Auerbach Decl. ¶ 3). Exhibits A-1 and A-2 each summarize information from two "house" bills of lading for goods carried by the BBC Moonstone, and Exhibits A-3 and A-4 do likewise for the BBC Jade. These panjiva.com summaries contain blatant material inaccuracies.

All four summaries state that the "Port of Unlading" is "Port Of Entry-Miami Seaport, Miami, Florida." In fact, as the official U.S. Customs clearing documents state for both

---

[3] In a footnote, Plaintiff notes that the BBC Defendants state that the carrier for *both* ships was BBC Chartering Carriers GmbH ("BBC Carriers"), but claims that "submissions to the U.S. Customs" identify the carrier for the BBC Jade by the Standard Carrier Alpha Code "BBCH," which corresponds to BBC Chartering & Logistic GmbH & Co. KG ("BBC Logistic") (D.E. 59 at 14 n.13 [citing Auerbach Decl. Ex's A-3 and A-4]). Not only does Plaintiff rely on demonstrably inaccurate (and hearsay) documents to cite this supposed discrepancy (Point B above), but, even if BBC Logistic rather than BBC Carriers had been the carrier for the BBC Jade (though it was not), that would be irrelevant to whether the Court has personal jurisdiction over either BBC Defendant; BBC Chartering and BBC Logistic are both Germany-based affiliates of the BBC Defendants, and neither is named as a defendant in this case.

- 5 -

shipments, the cargo was "IN TRANSIT" and therefore designated "FROB (Foreign Cargo to Remain on Board)" (ECF No. 50-5, page 2 of 4, boxes 16 and 30; ECF No. 50-6, Page 2 of 5, boxes 16 and 30).[4]

Plaintiff evidently relied on this *incorrect* information in alleging in the complaint that "BBC Carriers issued a master bill of lading . . . to DSV which . . . misrepresented the shipment destination and port of unlading as Miami, Florida, and the Miami Seaport, respectively – in violation of U.S. law" (ECF No. 1 ¶ 122; *see also id*. ¶ 241 [alleging that all defendants conspired to hide that Cuba was the ultimate destination of the goods by "present[ing] false legal documentation . . . representing that the Goldwind Equipment would be unloaded in Miami"]). This is Plaintiff's main contention in trying to establish a factual link, for purposes of long-arm jurisdiction, among the BBC Defendants, Florida, and the claim. But, the BBC Defendants showed beyond dispute, in their motion to dismiss for lack of personal jurisdiction, that Plaintiff's "conspiracy" allegation is false, because all of BBC Singapore's shipping documents – including the master bills of lading (issued by BBC Singapore as agent for BBC Carriers) and the U.S. Customs certifications – expressly stated that the goods' destination was Puerto Carupano, Cuba (ECF No. 48 [motion] at 14 [and exhibits cited therein]). In its motion to take jurisdictional discovery, Plaintiff makes no mention of its complaint's incendiary (and shown to be false) allegation that the BBC Defendants submitted any false documents to U.S. authorities in Florida.

The route map in each of the panjiva.com summaries is also inaccurate. None shows that either ship docked in Cuba. The two maps for the BBC Moonstone show a route from China to

---

[4] In this regard, each panjiva.com document is also *internally* inconsistent. In one place, it states that the place of unlading was Miami; lower on the same page, it states "true" for "FROB" (foreign cargo to remain on board). ECF No. 59-1 at pages 7, 11, 15 and 19 of 20.

Miami to Mexico (ECF No. 59-1, pages 6 and 10 of 20). The two for the BBC Jade show a route from China to Miami (*id*., pages 14 and 18 of 20).

The arrival dates for both ships are also incorrect in the panjiva.com summaries. They state that the BBC Moonstone arrived in Miami on February 3, 2019 (ECF No. 59-1, pages 6 and 10 of 20). That is impossible, as the official U.S. Customs document that BBC Singapore submitted states that the cargo both arrived and was cleared in Miami four days *earlier*, on January 30, 2019 (ECF No. 50-6, page 2 of 5 [box 3 and red stamp, bottom right]). For the BBC Jade, the panjiva.com summaries state that it arrived in Miami on December 7, 2018 (ECF No. 59-1, pages 14 and 18 of 20). That is highly doubtful on its face (and factually wrong), as U.S. Customs cleared that shipment on December 30, 2018 (ECF No. 50-5, page 2 of 4), which would mean, if panjiva.com's reported December 7 arrival date were believed, that the ship stayed in the Miami port some 23 days, solely for cargo clearance. The complaint itself alleges, contrary to the panjiva.com summaries, that the BBC Jade arrived in Miami on December 30, 2018, and departed the next day, December 31 (ECF No. 1, ¶ 177 [table]).

These obvious inaccuracies (among others) in the panjiva.com summaries may be partially explained by the fact that they are purportedly based on the "house" bills of lading (ECF No. 59-1, pages 6, 10, 14 and 18 of 20 [each stating: "Shipment Profile for House Bill of Lading"]). As Plaintiff alleges in the complaint, the "house" bill of lading is issued, *not* by the vessel operating common carrier, or VOCC (in this case, BBC Carriers through its agent BBC Singapore), but by the *non*-vessel operating common carrier, or NVOCC (in this case, DSV Air & Sea A/S, or its agent) (ECF No. 1, ¶ 100). BBC Singapore submitted the "master" bills of lading that it, as agent for the VOCC, *actually* issued (ECF No. 50-3 and 50-4) (*see also* ECF No. 1, ¶ 100 [defining "master" bill of lading]). The master bill of lading for the BBC Jade states,

- 7 -

for example, that BBC Carriers was the carrier (ECF No. 50-3, p. 2 of 2 [lower left]) – contrary to plaintiff's claim, based on the prefix to the bill of lading that someone *other than BBC Singapore* evidently tacked on, that the carrier was BBC Logistic (*see* page 5 n.3 above).

The inadequacy of the panjiva.com summaries also shows that Plaintiff cannot make a *prima facie* case of personal jurisdiction as to the BBC Defendants, which is a further reason for denying Plaintiff's request for jurisdictional discovery. When a defendant submits affidavits that contradict the jurisdictional allegations in the complaint – as the BBC Defendants have done – "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). Plaintiff seeks discovery despite being unable to rebut the BBC Defendants' declarations and documents. But, when a plaintiff fails to make a *prima facie* case of personal jurisdiction in the face of defendants' affidavits and documents, it is not entitled to jurisdictional discovery. *See Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) ("Inasmuch as the complaint was insufficient as a matter of law to establish a *prima facie* case that the district court had [subject-matter] jurisdiction [under the Foreign Sovereign Immunities Act], the district court abused its discretion in allowing the case to proceed and granting discovery on the jurisdictional issue."); *Cold Smoke Capital, LLC v. Gross*, 2012 WL 3612626 (N.D. Ga. 2012), at *8 (disallowing jurisdictional discovery where plaintiff did not make a "*prima facie* showing of personal jurisdiction" over defendants) (collecting cases).

In sum, the supposedly "factual" material – the panjiva.com summaries – that Plaintiff submitted with its motion to take jurisdictional discovery from the BBC Defendants does nothing to show that Plaintiff legitimately needs any additional information concerning the shipments, beyond the actual and official shipping documents that BBC Singapore *has already submitted*.

### C. Jurisdictional Discovery from the BBC Defendants Is Unnecessary

Plaintiff does not show that any of the discovery it seeks from either BBC Defendant is relevant to or would affect the Court's decision on whether it has personal jurisdiction over it.

**BBC USA**. Plaintiff's lead-off and main argument as to why it supposedly needs discovery from BBC USA is that "publicly available information regarding BBC USA's operations casts doubt" on the declaration of BBC USA's President, Per Petersen, that BBC USA was not the agent for and provided no logistical support or other services for either shipment in question (ECF No. 59 at 14; *see also id*. at 13 [quoting from Petersen decl.]). The "publicly available information" is a PDF, accessible on the website of BBC USA's affiliate, BBC Carriers, which shows the positions of its more than 150 ships during October 2020 (*id*. n.13).[5] The PDF is divided into several geographic regions, one of which is "USA / Central America / Caribbean Sea / NCSA [North Coast South America]," which states: "(contact: Houston office)." The Houston office is that of BBC USA, as "agents" for BBC Carriers.[6]

This document – a *general* statement to interested persons that, if they wish to inquire about chartering a vessel located in a given geographic area, they should contact the BBC Carriers affiliate in that area – does not contradict or raise doubts about Petersen's *specific* statement, made under penalty of perjury, that BBC USA provided no services in connection with the BBC Moonstone or BBC Jade voyages at issue in this case. Plaintiff recognizes that this is the case and is simply speculating; Plaintiff states that, even if BBC USA was not the agent for these voyages, it "*would have provided*" services to the ships "once they fell within BBC USA's

---

[5] For the Court's convenience we attach that PDF to this opposition as "**Exhibit A**."

[6] *See* the contact page for the Houston office on the BBC Carriers website, https://www.bbc-chartering.com/informations/contact/north-america/houston.html (last visited Oct. 11, 2020).

- 9 -

regional ambit" (italics added) – using the conditional (and speculative) form "would have," as it did in its complaint (ECF No. 1 ¶¶ 112, 158).

Further, while each vessel was in Florida, it was serviced by an unrelated ship's agent, Seaport Hub Agencies, Inc., as stated in the U.S. Customs certifications (ECF No. 50-5, page 2 of 4, box 7 and ECF No. 50-6, page 2 of 5, box 7). This is consistent with Petersen's declaration, in that the ships were serviced by an independent agent (not by BBC USA) while they were in the Miami port.[7]

Plaintiff claims to need discovery concerning equipment – unrelated to the wind power equipment delivered to Cuba that is the subject of this case – that was also loaded on the BBC Moonstone in China, stayed on the ship while in Florida and Cuba, and ultimately was delivered to Port Arthur, Texas (ECF No. 59 at 14-15).[8] Plaintiff wants to know whether BBC USA had any involvement in Florida concerning *that unrelated equipment* (*id.*). That information is irrelevant, however, and therefore discovery of it is unnecessary, because plaintiff's claim does not *arise* from equipment that was neither destined for nor delivered to Cuba.[9]

Plaintiff submits nothing to rebut or question Petersen's statement that BBC USA has no office or employees in Florida. Plaintiff nevertheless wants to take discovery from BBC USA concerning "BBC USA's other relevant contacts with Florida" (ECF No. 59 at 15). This is a

---

[7] That Seaport Hub Agencies, Inc. is unaffiliated with the BBC Defendants is clear from its website, https://www.seaportagencies.com/seaport-agencies (last visited Oct. 11, 2020).

[8] BBC USA is located in Bellaire, TX (in the Houston area), about 97 miles from Port Arthur (ECF No. 49-1 [Petersen Decl.], ¶ 4).

[9] In a footnote, Plaintiff states that "BBC Singapore appears to have attached only the first two pages of the [U.S. Customs] Clearance Statement" that refers to the part of the BBC Moonstone's cargo that was bound for Texas (ECF No. 59 at 15 n.14). The page to which Plaintiff refers is "Page 2 of 2" of the U.S. Customs form, which merely contains printed instructions and space for any information that doesn't fit on Page 1 of 2. We submit that page – which contains no additional information – via the supplementary declaration of Mr. Schoennmann, attached as "**Exhibit B**."

classic "fishing expedition." *See Wolf v. Celebrity Cruises, Inc.*, 683 Fed. Appx. 786, 792 (11th Cir. 2017) (jurisdictional discovery "should not serve as fishing expeditions, and, as such, are appropriate only when a party demonstrates that it can supplement its jurisdictional allegations through discovery") (internal quotations and citation omitted).[10]

**BBC Singapore**. Plaintiff begins its section on BBC Singapore by asserting that "BBC Singapore's declaration largely *supports* the Court's exercise of personal jurisdiction" (ECF No. 59 at 16) (italics in original), and proceeds to explain why BBC Singapore's contacts with Florida – as described in the declaration and shipping documents that BBC Singapore submitted – supposedly are sufficient to establish long-arm jurisdiction over it. If that is what Plaintiff believes, then it does not need any jurisdictional discovery from BBC Singapore.

Plaintiff nevertheless asks for discovery for two reasons, neither of which is valid. First, plaintiff claims that the Schoennmann declaration and the shipping documents are inconsistent as to which entity – BBC Carriers or BBC Singapore – issued the master bills of lading (ECF No. 59 at 17). That is incorrect. BBC Singapore's submissions are consistent and clear that BBC Singapore issued the master bills of lading as *agent* for and in the name of BBC Carriers. The bills of lading are on the printed form of BBC Carriers, the VOCC (ECF No. 50-3 and 50-4); its website is printed on them (www.bbc-chartering.com); and the bill of lading terms are available on that website (under "BL Terms"). Schoennmann stated very clearly in his declaration that BBC Singapore customarily acts, and acted in this case, as the *agent* for BBC Carriers (ECF No.

---

[10] *See also Schuchardt v. President of the United States*, 839 F.3d 336, 353 (3d Cir. 2018) ("[j]urisdictional discovery is not a license for the parties to engage in a fishing expedition) (internal quotations and citation omitted); *Atlantis Hydroponics, Inc. v. International Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1380 (N.D. Ga. 2013) ("The purpose of jurisdictional discovery is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction. It is *not* a vehicle for a fishing expedition in hopes that discovery will sustain the exercise of personal jurisdiction.") (internal quotations and citation omitted).

50-1, ¶¶ 6-8, 11, 13, 20). And the BBC Defendants' motion also states that BBC Singapore issued the master bills of lading "in its role as agent" (ECF No. 48 at 6). Plaintiff is trying to manufacture a factual question where none exists.

Second, plaintiff wants to discover why BBC Singapore considered and described the ships' stops in Miami as "incidental" (ECF No. 59 at 17). But, Schoennmann explained in his declaration why the ships stopped in the port of Miami: "because the cargo, which consisted in part of U.S.-manufactured goods, needed to clear U.S. customs in the U.S.," as required by the cargo owners, not by BBC Singapore or the carrier, BBC Carriers (ECF No. 50-1, ¶ 20). The word "incidental" does not appear in Schoennmann's declaration; it appears (twice) in the BBC Defendants' motion and brief (ECF No. 48 at 6, 19). The *facts* that the ships stopped in Miami and *why* they did so are not in dispute; Plaintiff is merely raising legal arguments concerning those facts.

Having no valid specific reason to seek discovery from BBC Singapore, Plaintiff resorts, as it does with respect to BBC USA, to making a generalized and broad request for discovery of any and all contacts between BBC Singapore and Florida (ECF No. 59 at 17-18). That is unnecessary because, as Plaintiff itself led off its section on BBC Singapore, BBC Singapore has submitted proof that it acted as agent for the two voyages in question. The dispute is not about the jurisdictional *facts*, therefore; rather, it is a *legal* dispute over whether, under the operative facts already disclosed by BBC Singapore, the Court may exercise personal jurisdiction over BBC Singapore.

### D.   Plaintiff Does Not Specify What Discovery It Would Take

Not only does Plaintiff fail to identify valid and specific areas of factual dispute relevant to whether the Court has personal jurisdiction over either BBC Defendant (as discussed above),

- 12 -

55003053;1

but in addition, plaintiff does not specify the discovery methods it would pursue or any limits on how it would pursue them (other than proposing a 60-day discovery period).

On the contrary, plaintiff seemingly wishes to reserve for itself the ability to pursue any and all discovery methods, including "remote depositions" and "third-party discovery," without any limits on methods or specific topics (ECF No. 59 at 1). Plaintiff's failure to state what specific documents it would seek, what interrogatories it would propound, what person(s) – parties or non-parties – it would seek to remotely depose, and on what topics, is itself a reason to deny its request for discovery. *Hinkle v. Cirrus Design Corp.*, 775 Fed. Appx. 545, 550 (11th Cir. 2019) (affirming denial of discovery when plaintiffs "did not explain in their filings in the district court, or in this court, what facts or even what type of facts they wish to discover if given the opportunity"); *Jessop v. Penn Nat'l Gaming, Inc.*, No. 6:18-cv-1741-Orl-37DCI, 2019 WL 960031, at *2 (M.D. Fla. Jan. 25, 2019) (denying motion for jurisdictional discovery where "Plaintiff does not describe the type (e.g., interrogatories, requests for production, depositions) or the scope of discovery it believes is necessary under the circumstances of this case").

Even if the Court concluded that there is a valid reason for Plaintiff to take *some* limited jurisdictional discovery as to the BBC Defendants – which they deny (as discussed above) – the Court should not grant Plaintiff a "blank check" to do so. Especially when, as in this case, defendants have raised a serious challenge to the Court's subject-matter jurisdiction (*see* page 2, notes 1 and 2 above), the Court should not allow Plaintiff to burden the BBC Defendants with broad discovery requests; any such discovery should be strictly limited to specific and legitimately disputed facts bearing on the motion, and by the discovery method that is the least intrusive and burdensome. *See Chudasma*, 123 F.3d at 1368 (because discovery imposes heavy burdens on the parties and the court, which "does nothing but waste the resources of the

litigants" when the claim is subject to dismissal, "the district court should rule on the [dismissal] motion before entering discovery orders, if possible").

### E. Plaintiff's Separate Motion to Stay Further Briefing on the Personal Jurisdiction Motions

In its second and related motion, Plaintiff asks the Court to stay further briefing on defendants' three separate personal jurisdiction motions "pending the Court's disposition of American Sugar's motion for leave to conduct jurisdictional discovery" (ECF No. 60 at 1).

The BBC Defendants' position concerning that motion is as stated in defendants' joint motion, filed today, to stay the jurisdictional motions *in their entirety* – not just the briefing, but also plaintiff's motion to take jurisdictional discovery – until the Court has decided defendants' joint motion to dismiss, in which defendants assert (among other dismissal grounds) that the Court lacks subject-matter jurisdiction.

## Conclusion

For the foregoing reasons, the Court should deny Plaintiff's motion to conduct discovery concerning personal jurisdiction as to either BBC Defendant.

With regard to Plaintiff's related motion to stay the briefing schedule on all defendants' personal jurisdiction motions, the Court should stay those motions entirely, including consideration of whether jurisdictional discovery is appropriate in this case, until the Court has decided defendants' joint motion to dismiss (ECF No. 54). Alternatively, the Court should deny Plaintiff's motion to stay and require it to respond to the personal jurisdiction motions without taking any discovery before it files such oppositions.[11]

---

[11] If, once the personal jurisdiction motions are fully briefed, the Court should determine that it needs additional facts to decide them, it could direct at that time the specific facts to be discovered, from what persons, and by what methods.

- 15 -

Dated: October 12, 2020

          **AKERMAN LLP**
          Three Brickell City Centre
          98 Southeast Seventh Street, Suite 1100
          Miami, Florida 33131
          Telephone: (305) 374-5600
          Facsimile: (305) 349-4654

          By: */s/ Naim S. Surgeon*
          Pedro A. Freyre
          Florida Bar No.: 192140
          Email: pedro.freyre@akerman.com
          Naim S. Surgeon
          Florida Bar No.: 101682
          Email: naim.surgeon@akerman.com

          Martin Domb (*app. pro hac vice pending*)
          martin.domb@akerman.com
          AKERMAN LLP
          520 Madison Avenue, 20th Floor
          New York, NY 10022
          Tel. (212) 880-3800
          Fax (212) 880-8965

          *Attorneys for Defendants*
          *BBC Chartering USA, LLC and*
          *BBC Chartering Singapore Pte Ltd.*