```
 1                      UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF FLORIDA
 2                            MIAMI DIVISION
                       CASE NO. 20-CV-22471-DPG
 3

 4    NORTH AMERICAN SUGAR                  Miami, Florida
      INDUSTRIES, INC.,
 5
           Plaintiff,                       October 14, 2020
 6
           vs.                              11:00 a.m. to 11:40 a.m.
 7
      XINJIAN GOLDWIND SCIENCE              Pages 1 to 33
 8    & TECHNOLOGY CO., LTD, et al.,

 9         Defendants.

10   _____
                       TELEPHONIC MOTION HEARING
11            BEFORE THE HONORABLE DARRIN P. GAYLES
                    UNITED STATES DISTRICT JUDGE
12
     APPEARANCES:
13
     FOR THE PLAINTIFF:        MIGUEL A. ESTRADA, ESQ.
14                             AUDI K. SYARIEF, ESQ.
                               GIBSON DUNN & CRUTCHER LLP
15                             1050 Connecticut Avenue, NW
                               Washington, DC 20036-5036
16                                      -and-
                               CASEY KYUNG-SE LEE, ESQ.
17                             GIBSON DUNN & CRUTCHER LLP
                               200 Park Avenue, 47th Floor
18                             New York, New York 10166
                                        -and-
19                             DAVID S. MANDEL, ESQ.
                               MANDEL & MANDEL LLP
20                             169 E. Flagler Street, Suite 1224
                               Miami, Florida 33131
21

22   FOR GOLDWIND INTERNATIONAL:

23                             ALLEN P. PEGG, ESQ.
                               REGINALD CUYLER, JR., ESQ.
24                             HOGAN LOVELLS LLP
                               600 Brickell Avenue, Suite 2700
25                             Miami, Florida 33131
```

```
 1   FOR DSV AIR & SEA:        ROBERT M. BROCHIN, ESQ.
                               MORGAN LEWIS & BOCKIUS LLP
 2                             200 S. Biscayne Boulevard
                               Suite 5300
 3                             Miami, Florida  33131-2339


 4
     FOR BBC CHARTERING USA
 5   FOR BBC CHARTERING SINGAPORE:

 6                             NAIM SURGEON, ESQ.
                               PEDRO FREYRE, ESQ.
 7                             AKERMAN LLP
                               350 East Las Olas Boulevard
 8                             Suite 1600
                               Fort Lauderdale, Florida 33301
 9                                     -and-
                               MARTIN DOMB, ESQ.
10                             AKERMAN LLP
                               520 Madison Avenue, 20th Floor
11                             New York, New York 10022


12


13   STENOGRAPHICALLY REPORTED BY:


14
                               PATRICIA DIAZ, FCRR, RPR, FPR
15                             Official Court Reporter
                               United States District Court
16                             400 North Miami Avenue
                               11th Floor
17                             Miami, Florida 33128
                               (305) 523-5178
18

19

20

21

22

23

24

25
```

```
 1                    (Call to the Order of the Court.)

 2              COURTROOM DEPUTY:  Calling North American Sugar

 3    Industries versus Xinjiang Goldwind Science & Technology

 4    Company Limited, and all.  Case number 20-CV-22471.

 5              Counsel, please make your appearance.

 6              MR. ESTRADA:  Good morning, Your Honor, this is Miguel

 7    Estrada, E-S-T-R-A-D-A, from Gibson Dunn & Crutcher in

 8    Washington, DC.

 9              With me on the line are counsel from my firm, Audi

10    Syarief and Casey Lee, and also our Miami colleague, David

11    Mandel.

12              THE COURT:  All right.  Good morning.

13              MR. ESTRADA:  All right.  Good morning.

14              MR. PEGG:  Good morning, Judge Gayles, this is Allen

15    Pegg.  I am here with my colleague, Reginald Cuyler from Hogan

16    Lovells in Miami, on behalf of Goldwind International.

17              MR. BROCHIN:  Good morning, this is Bobby Brochin of

18    Morgan Lewis, and I'm on behalf of defendant DSV Air & Sea.

19              MR. SURGEON:  Good morning, Your Honor, this is Naim

20    Surgeon from Akerman on behalf of defendants, BBC Chartering,

21    USA, LLC, and BBC Chartering Singapore, PTE, LTD.

22              With me on the line are also my colleagues Pedro Freyre

23    from Miami and Martin Dom from New York.

24              THE COURT:  Okay.  Is that everyone for the defendants?

25              MR. PEGG:  It is, Your Honor.
```

```
 1              THE COURT:  Okay.  Good morning, everyone.
 2              I set this down for a hearing, and I am mindful that
 3      all of the motions are not yet ripe but because the parties'
 4      motions, competing motions pretty much address all the issues,
 5      I guess the central issue is how we should proceed, if at all,
 6      and whether there -- I mean, at bottom, it's the issue on
 7      whether or not the Court has subject matter jurisdiction and
 8      separately whether or not the Court has personal jurisdiction
 9      over some of the defendants and both sides have asked me to
10      stay briefing and/or discovery regarding these issues.
11              So I just wanted to get some sense from the parties
12      about how I should proceed.
13              Now, I just want to give some overarching, an
14      overarching observation, and then I will turn to, first,
15      Mr. Estrada for the plaintiffs.
16              That overarching observation is, before I decide
17      anything, don't I have to decide if I have subject matter
18      jurisdiction, including whether or not there is personal
19      jurisdiction over the individual defendants?
20              I know that there is a request to allow jurisdictional
21      discovery, but my concern is I am not sure whether I or a
22      magistrate judge can even rule on discovery matters until it's
23      first determined whether I have subject matter jurisdiction.
24              I guess the first question for you, Mr. Estrada, is why
25      shouldn't I first make that determination before anything else?
```

1          MR. ESTRADA:   Thank you, Your Honor.

2          This is, again, Miguel Estrada for North American Sugar

3     for benefit of the court reporter.

4          Let me just sort of take that question first, and I

5     think, you know, the formulation of the question as you framed

6     it is exactly right.   The question is decision.

7          You know, the question is really controlled by three

8     Supreme Court cases.   There is Steel Company, Ruhgras and

9     Sinochem.

10         Steel Company from 1998 by the late Justice Scalia that

11    basically held, you know, the proposition that you could not

12    assume jurisdiction in order to render a decision on the

13    merits.   That was followed by Ruhgras some years later in

14    which, you know, the Court answered the question of whether you

15    had necessarily to decide subject matter jurisdiction ahead of

16    personal jurisdiction, and then Sinochem where the question was

17    whether you could decide forum non conveniens without deciding

18    either personal jurisdiction or subject matter jurisdiction,

19    and the last word on Sinochem was, so long as the Court doesn't

20    make any definite ruling on the merits of the case, non merits

21    resolutions for the management of the case are okay.

22         So, it is okay for the Court, for example, as the Court

23    held in Sinochem to send the case to a different forum or to do

24    things that it needs to do for the management of the case,

25    which I think addresses, you know, the second part of the

1    question.  And so the formulation of the core principle that

2    was inherent in the first part of your question is correct, you

3    cannot render a decision on the merits, that is, decide the

4    controversy without deciding subject matter jurisdiction.

5         The second premise of the question which sort of

6    assumes that it is impossible to manage the case provides

7    interim orders for discovery so that the parties can get these

8    other issues such as 12(b)(2), for example, ready for your

9    consideration is not so well taken because, the three cases I

10   mentioned basically stand for the proposition that the decision

11   on the ultimate merits may not be had without a decision of

12   jurisdiction first.

13        But as between the merits rulings, you know, the Court

14   may choose between those in handling, you know, the case.  So

15   that's why the Court could say in the Ruhgras, you know, the

16   second case in the series that you could do 12(b)(2) or

17   12(B)(1) since both were non merits position in the case.

18        To get back to the contentions raised in this case and

19   the rival motions that you identified at the beginning of the

20   hearing, where we are is, you know, the defendants have filed a

21   joint motion to dismiss.  One of the contentions in that joint

22   motion to dismiss is that there is no subject matter

23   jurisdiction on the Article III of the Constitution.

24        As you will see in the brief and opposition that we

25   will file, that is a contention that has been presented to

1    courts in this district and has been unanimously rejected by

2    the courts in this district.  So to the extent that the time

3    comes later down the road where the ruling, where a ruling on

4    the merits might be needed is not one that will sort of carry

5    the Court but, you know, it is something that we argue -- that

6    we argue on its own.

7         We do recognize they have made the argument.  It is not

8    one that happens to have a lot of merits based on the

9    assessment of other judges in this district who have looked at

10   the identical case.

11        With respect to the motion that we have made with

12   jurisdictional discovery, that is addressed to the issues that

13   the defendants raise separately in three different motions to

14   dismiss for lack of personal jurisdiction.

15        Our basic contention there is that we have a number of

16   allegations of fact in our complaint that the defendants have

17   chosen to dispute with affidavits and declarations and

18   documents in which they have a range of assertions that dispute

19   the elements of personal jurisdiction.  In filings made as late

20   as almost midnight last night, they have attached additional

21   documents while at the same time contending that no discovery

22   is needed.

23        I am prepared to address the back and forth on personal

24   jurisdiction and why discovery is needed.  I don't want to get

25   ahead of myself in purposes of the question that you asked and

1   give you a long argument, but for purposes of the question that

2   you asked, I believe the law is clear that while you may now

3   render a ruling on the merits of the controversy without

4   assuring yourself that you have subject matter jurisdiction,

5   you can certainly manage the case and issue no merits

6   disposition such as that having to do with, as Sinochem says,

7   for example, to forum non or, you know, discovery and things of

8   that nature without running afoul of the rule of Steel Company.

9          THE COURT:  And just so I am clear, and I know the

10  motion is not fully ripe but the jurisdictional discovery,

11  that's your motion to request jurisdictional discovery.

12         MR. ESTRADA:  That is right.

13         THE COURT:  What discovery do you need within this

14  period?

15         MR. ESTRADA:  Well, let me just take a step back and

16  start with a definition of what the issue is because I don't

17  think we actually have an agreement on what the scope of the

18  controversy is and given how the pleadings that were filed last

19  night are framed, that may be an important part of the

20  controversy.  We have a claim under a statutory cause of

21  actions that a federal cause of action.  It's the Helms-Burton

22  Act.

23         For our purpose and for purposes of the Florida

24  Long-Arm Statute, we would consider that a tort, a federal

25  tort.

1          Now, the defendants would like to describe the tort as

2     if it were nothing more than dropping anchor in front of a port

3     in Cuba, and on that basis basically say nothing happened in

4     Florida that is relevant to personal jurisdiction.

5          I would like to draw the Court's attention because I

6     think it is the starting point of the analysis to what the

7     statutory definition of the tort actually is, and it is not

8     merely showing up at the confiscated port in Cuba and not

9     merely using the port in Cuba but it is -- and I am now quoting

10    from Section 6023 of the statute, Title 22, Subsection 13 --

11    "Engaging in a commercial activity using or otherwise

12    benefitting from the confiscated property."

13         So it's engaging in a commercial activity that used or

14    otherwise benefited from the confiscated property or and

15    causing or participating or profiting from that activity.

16         So the breadth of the statutory tort is, you know, not

17    only using the port but engaging in a commercial activity that

18    benefitted from that port.  So for purposes of our discovery

19    dispute here and the personal jurisdiction dispute, we are

20    arguing about whether a conceded stop in Florida, which one of

21    the defendants before you has filed declarations and a brief

22    asserting it was essential to comply with other federal laws,

23    whether that was part of the commercial activity that

24    ultimately used the confiscated port and, more relevantly,

25    whether under the Florida Long-Arm Statute, the tort prong of

 1   the statute, whether it was a substantial aspect of the alleged

 2   tort, the alleged tort being defined, again, as the engaging in

 3   the commercial activity that used the port.

 4        They have filed -- with that as the background, they

 5   have filed declarations that go from stating that our

 6   allegations in the complaint are factually mistaken that are

 7   just not true because, say, for example, codes that were

 8   transmitted and that are publicly available from federal

 9   government sources were submitted in error, and our point to

10   that is like wait a moment, we need to take, you know,

11   discovery on that.  You show, surely, you don't expect us to

12   accept your declaration that it was all a big error.  So that's

13   DSV, just to give you an example.

14        Then we had Goldwind that has public statements which

15   we have cited all over the complaint in our motion saying that

16   they were the party that engaged, that entered into the

17   contract for the delivery of these turbans filed a declaration

18   saying that they had nothing to do with this.

19        Now, keep in mind that the tort is engaging in the

20   commercial activity that used the port so they filed an

21   affidavit that it's a blanket denial of having engaged in the

22   relevant commercial activity that used the port with a

23   necessary stop in Florida, so on and so forth.  You know, BBC

24   USA sort of says in his website that they are there to support,

25   you know, their ships once they enter, you know, the Caribbean

1  but they say in this case they have nothing to do with it.

2       Now, they have chosen to oppose our complaint with

3  motions that not only ignore what the statutory tort is but

4  also put in a slew of actual material that we are expected to

5  take at face value.  Now, it seems to me that we are entitled

6  to probe each of these factual allegations and to serve

7  discovery, which I am happy to, you know, list, and I think as

8  a general proposition it will be better for the Court to let us

9  serve discovery in the confines of Rule 26 rather than try to

10  narrow the discovery at the outset because I think that is to

11  lead to more squabbles and fights, but, you know, if that were

12  the issue for the day, I would also, you know, be happy to

13  outline what the parameters or what would obviously the

14  relevance would be.

15       THE COURT:  Okay.  Who is going to speak first for the

16  defendant?

17       MR. PEGG:  Judge, this is Allen Pegg with Hogan

18  Lovells.  I think I will speak, if I could, circling back to

19  Your Honor's initial point which was, shouldn't Your Honor for

20  either, you know, Court ability to move forward with the

21  challenge to subject matter jurisdiction challenges out there,

22  should Your Honor, can Your Honor go forward with the rest of

23  the case.  I think I will speak primarily on behalf of the

24  defendants to that initial point.

25       THE COURT:  Okay.

1          MR. PEGG:  So, Judge, as Your Honor noted and as we

2     articulated in our joint motion to stay earlier this week, we

3     think that all of the factors under the regular cases,

4     Chudasama and others, point to the sensibility of a stay of all

5     proceedings, jurisdictional discovery and otherwise, until the

6     omnibus motion to dismiss is resolved.

7          Counsel noted that there is one contention in the

8     omnibus motion that challenges the Court's subject matter

9     jurisdiction and, Your Honor, there is actually multiple

10    grounds attacking the subject matter jurisdiction, not only

11    against Article III standing issues, which is what counsel, I

12    believe, referenced and then also deficiencies in the Court's

13    subject matter jurisdiction based on the plaintiff's own

14    conduct and lack of disclosures on the bankruptcy proceedings.

15         Your Honor, that opposition is due to be filed today

16    and we think that it makes sense for that core issue to be

17    resolved which may moot out, Judge, all the other discussion

18    about jurisdictional discovery, either sufficiency of grounds

19    for it and what forums it will take that counsel then went

20    into.

21         So I think regardless whether under the trilogy of

22    Supreme Court cases that I heard defense plaintiff's counsel go

23    through, regardless of whether or not the Court can, as a

24    matter of authority, move forward in personal jurisdiction

25    issues, we think that there is no reason that the Court and the

 1    parties should move forward as we outlined in the joint motion.

 2           Not only does the omnibus motion, which, again, will be

 3    fully briefed, unlike the jurisdictional issues, which will be

 4    fully briefed fairly soon with the opposition being filed

 5    today, not only does that omnibus motion have attacks on the

 6    Court's subject matter jurisdiction but there are other

 7    substantive grounds to challenge and we think that will support

 8    dismissal of the plaintiff's claims.

 9           So for judicial efficiency, for party efficiency we

10    think the joint motion to stay should be taken up first.  We

11    think that motion under the relevant consideration should be

12    granted.  We then think the omnibus motion should be resolved,

13    and if at the end of that streamline process there is anything

14    left of this case, we can then take up the issue of whether or

15    not any jurisdictional discovery is warranted and if so, of

16    what type.

17           THE COURT:  And just so I am clear again, I know it's a

18    short motion.  I am trying to remind myself.  What you are

19    asking me to stay is everything until I -- including briefing

20    on -- would that include briefing on the motion, on the

21    separate motions to dismiss for lack of personal jurisdiction

22    as well?

23           MR. PEGG:  It would, Your Honor.  So, essentially, the

24    result of the motion for stay being granted would be that we

25    received plaintiff's opposition to the omnibus motion today.

1    Defendants then file their reply brief.  We need to see their

2    opposition, of course, before we can determine with when that

3    reply brief will be filed but it will be in relatively short

4    order.  That reply brief will be filed and then that motion is

5    fully briefed and ready for resolution with everything else,

6    including the jurisdictional briefing stayed and the motions to

7    dismiss on personal jurisdiction, to be clear, stayed.

8         THE COURT:  You heard Mr. Estrada argue that -- he drew

9    the distinction that normally where a subject matter

10   jurisdiction is being questioned that courts should not address

11   substantive issues or merits issues until that has been

12   resolved, and he argued that personal jurisdiction issues and

13   discovery issues are not merits determining who could and

14   couldn't proceed.

15        How do you respond to that?

16        MR. PEGG:  Sure, Judge, so as I said, and I don't have

17   the benefit of having recently read that trilogy of Supreme

18   Court cases but I accept counsel at the representation.  So

19   regardless whether or not the Court has the authority to move

20   forward in allowing for jurisdictional discovery, for example,

21   while there is a pending challenge to the subject matter

22   jurisdiction, regardless of whether or not Your Honor has that

23   authority, for purposes of efficiency and getting things in the

24   right sequence and procedural order, the Court should exercise

25   your discretion to stay those issues and allow the briefing on

1   the subject matter jurisdiction and other grounds for dismissal

2   to close in relatively short order and get a decision on that.

3          There is no reason as to why even if there is an

4   ability to allow for jurisdictional discovery, as to why that

5   should go forward and for the various factors articulated in

6   the cases that we cite in the joint motion to stay.

7          THE COURT:  Okay.

8          MR. PEGG:   I will finally note, Your Honor, that the

9   types of jurisdictional discovery that counsel outlined all

10  sounded, and I understand that this motion isn't yet fully

11  briefed with our oppositions having been filed, oppositions to

12  the jurisdictional discovery motions yesterday and the day

13  before but all of that discussion sounded more like merits

14  discovery much more than jurisdictional discovery.

15         I wrote down that counsel said that they want to

16  explore how the defendants were engaging in commercial activity

17  that used the port.  Well, that's the core merits issue under

18  Article III claim.  I heard very little about how any

19  jurisdictional discovery would touch on establishing specific

20  jurisdiction over any of the defendants.

21         So, again, I don't think that there is a reason to.  I

22  think Your Honor has ample discretion to not allow

23  jurisdictional discovery, and there are weighty reasons why the

24  subject matter jurisdiction and other dismissal arguments on

25  the face of the papers should be taken up first.

1     THE COURT:  Okay.  Anything anyone wants to add for any

2  of the other defendants?

3     All right.  Hearing silence, returning back to the

4  plaintiff then, anything else in reply?

5     MR. ESTRADA:  Yes, Your Honor, let me just say two

6  things which I had not addressed earlier to respond to what

7  Mr. Pegg said.  I had not addressed the second contention that

8  he identified that is raised in the motion to dismiss because I

9  find it hard -- I find it very hard to believe that he really

10  does contend that it is a subject matter jurisdiction claim.

11     This, as you will see when you turn to that motion, is

12  a contention based on the fact that my client and some of his

13  affiliates had gone through a bankruptcy.  Now, the joint

14  motion to dismiss has a couple of arguments based on the

15  bankruptcy proceedings that are supported by, I kid you not,

16  almost 2,000 pages of extrinsic, you know, materials.

17     As we will point out in the motion to dismiss that we

18  are filing today, what this ultimately is is a defense of

19  estoppel, which not only is a non meritorious one but as every

20  civil procedure first year student will tell is an affirmative

21  defense they should put in their answer.

22     It's not a subject matter jurisdiction contention, and

23  it is not something that is even appropriate to raise in a

24  motion to dismiss, even if they contend that the Court might

25  take judicial notice of proceedings in a different court, which

1    if they attempt to present them here is actually not the case.

2         So I will give them, you know, the benefit of something

3    that they are raising as subject matter jurisdiction contention

4    with respect to Article III while pointing out that no court on

5    the planet has accepted this argument and that every court that

6    has considered it has turned them down.  And on that note, I

7    will then turn to their, you know, their reliance on the

8    Chudasama case from the Eleventh Circuit where, you know, the

9    issue was whether the Court should have, whether the district

10   court should have forced the defendant to engage in merits

11   discovery while engaging in what the Court of Appeals

12   characterized as an exceedingly lengthy delay in the resolution

13   of the motion to dismiss when, as the Court of Appeals assessed

14   it, the theory of the complaint was, quote, "an especially

15   dubious fraud claim."

16        Now, one can say many things but you can look at the

17   motion to dismiss and, you know, the grounds are not that we

18   have an especially dubious theory of the bracket under which we

19   are suing.  You know, they have other claims based on

20   bankruptcies and based on Article III that no one has bought

21   and, you know, this motion is what it is, but this is not the

22   Chudasama case by any --

23        THE COURT REPORTER:  I'm sorry, this is not the what

24   case?

25        MR. ESTRADA:  This is not the Chudasama case --

1    C-H-U-D-A-S-A-M-A case.  It's a court of appeals case -- by any

2    stretch.

3           The second point that I would say about that case is

4    that also even that case recognized that jurisdictional

5    discovery may be appropriate.

6           With respect to the motion that they filed just a

7    couple of days ago to stay all proceedings, you know, what this

8    case comes to is they would like to have the resolution of the

9    motion to dismiss and stay everything else.  We would like to

10   have jurisdictional discovery while you consider the motion to

11   dismiss.

12          As we said earlier, I think that that's appropriate

13   under the existing cases from the Supreme Court, but I think

14   it's also appropriate for efficiency because even their cases

15   recognize that if you can tell from the papers on the motion to

16   dismiss that no one has bought the argument they are making on

17   Article III that it is appropriate to go forward with these

18   other housekeeping matters and not waste, you know, the time.

19          There is a second consideration that I haven't raised

20   and I think it's relevant to the equities here on whether we

21   should be kept waiting.  We filed a timely suit against these

22   defendants but there is a two-year statute of limitations that

23   is keyed off from the day of the trips that are outlined in the

24   complaint which will start coming to roost sort at the

25   beginning of next year.

 1          So if you grant what you are looking for and by some

 2     chance you later conclude that as to some of them there is no

 3     personal jurisdictional, I fully expect them to come argue to

 4     you that the action should be not only dismissed but also

 5     barred as untimely, and one of the things that I think may be

 6     going on here is a little bit of a tactical ploy where they

 7     proffer a large amount of factual materials that they expect

 8     the Court to take on faith in fighting personal jurisdiction

 9     and then hope to get a stay until they can later argue that the

10     action which was timely filed is time barred if the Court

11     should happen to agree with their personal jurisdiction

12     arguments.

13          On the final point that Mr. Pegg made about how I am

14     arguing, you know, the merits of the discovery, I am, frankly,

15     mystified by his point.  If you look at his own filings, there

16     is a footnote three in his motion to move for dismissal for

17     lack of personal jurisdiction in which he affirmatively argues

18     that in order to assess the tort prong of the Florida Long-Arm

19     Statute one has to get a sense as to what the tort actually is.

20          (The court reporter was disconnected from the phone

21     call at this point and had to call in again.)

22          THE COURT REPORTER:  Excuse me.  This is the court

23     reporter.  I got cut off.  I tried texting Jermaine, but I

24     don't think he got it on time.

25          I got cut off when Mr. Estrada was speaking.  The last

1    thing I got was the tort prong of the Long-Arm Statute

2    argument.

3             THE COURT:  Okay.  Mr. Estrada, can you repeat?

4             MR. ESTRADA:  I don't recall exactly where she left

5    off.  I think all I was going to say is I wasn't trying to

6    argue merits discovery.  I was simply trying to do exactly what

7    DSV argued in footnote three of his brief, which is that part

8    of the assessment under the tort prong of the Long-Arm Statute

9    is to assess what the tort actually is, and it so happens that

10   the definition of the federal tort here commences with the

11   proposition that one has engaged in commercial activity that

12   used or benefited from the confiscated property or participated

13   with others in the same.

14            And that I was just quoting what his own brief actually

15   urges as the correct analysis.

16            THE COURT:  Okay.  So, as I was just saying, here both

17   sides are asking me to stay the briefing on the motion to

18   dismiss for lack of personal jurisdiction, albeit for different

19   reasons.

20            There is still the pending motion to dismiss for lack

21   of subject matter jurisdiction, which is not yet ripe.

22            I do having -- especially having had the benefit of

23   argument from everyone, I do think that the best course of

24   action is to stay the proceedings and allow full briefing on

25   the motion to dismiss for lack of subject matter jurisdiction,

1    and once that motion is fully briefed, I will have a better

2    sense of whether or not I should let the case proceed, at least

3    as far as any jurisdictional discovery and whether or not I

4    should allow the briefing to continue as to the motion to

5    dismiss on the 12(b) motion, the 12(b)(2) motion.

6          So I am going to grant the respective motions to stay

7    the briefing as to the -- the briefing on the 12(b)(2) motions

8    to dismiss.

9          I am going to let the case continue with the briefing

10   on the motion to dismiss for lack of subject matter

11   jurisdiction.

12         I am going to set this for a status conference so the

13   parties can appear by telephone again on November 18th at

14   10:00 a.m. and, of course, before I hang up, you can check your

15   respective calendars to make sure everyone is available on

16   November 18th.

17         Again, by that time the motion to dismiss for lack of

18   subject matter jurisdiction will be fully briefed.  I will have

19   a better sense of where we are.

20         MR. ESTRADA:  Your Honor, I'm sorry to interrupt, one

21   clarification and one housekeeping issue, when you say the

22   motion to dismiss for lack of matter jurisdiction, I assume you

23   are referring to our ongoing motions for jurisdictional

24   discovery, which is the motion that is currently being briefed.

25         THE COURT:  There is more.  There is several.  There

1    are a few motions here.

2            There is the joint motion to dismiss.

3            MR. ESTRADA:  There is a motion to dismiss for (b)(1)

4    and (b)(6) which we are filing a response to today and no one

5    is asking to stay that.

6            THE COURT:  But I am not staying that.

7            MR. ESTRADA:  No, I understand.

8            Then there is a motion to dismiss for lack of personal

9    jurisdiction to which we have countered that we cannot respond

10   to that until we get jurisdictional discovery, and that's why

11   we sought a stay.

12           They want the whole thing stayed, including

13   jurisdictional discovery, so I am a little bit -- I'm sorry and

14   I do apologize.  I am a little bit confused as to what is it

15   that is proceeding.

16           Our position is that we cannot brief the motion to

17   dismiss for personal jurisdiction without jurisdictional

18   discovery.  There is briefing on the jurisdictional discovery

19   motion so I am trying to clarify what is it that we are to

20   continue.  I thought it was the jurisdictional discovery

21   briefing.

22           THE COURT:  Mr. Estrada, I thought I was clear so I am

23   going to try this again.

24           You are going to continue your briefing on the motion

25   to dismiss for lack of subject matter jurisdiction.  That is at

1   Docket Entry 54, so you will file your response today unless

2   you need some more time, which I will consider giving you more

3   time if you need it.  And then we will have a reply within

4   seven days of that, and I am going to stay further briefing on

5   the motion to dismiss for lack of personal jurisdiction, which

6   is a 12(b)(2) motion.

7           MR. ESTRADA:  Thank you.

8           THE COURT:  And the motion for leave to conduct

9   jurisdictional discovery will be stayed also.

10          MR. ESTRADA:  Oh, I see, okay.

11          THE COURT:  I will consider all of those motions when

12  we reconvene on November 18th because by then the motion to

13  dismiss for lack of subject matter jurisdiction will be fully

14  briefed and I will have a better idea of how to proceed at that

15  point.

16          MR. ESTRADA:  Understood, Your Honor.

17          THE COURT:  Okay.

18          MR. ESTRADA:  So that I understand -- okay.  So we

19  don't have to further brief the motion to conduct

20  jurisdictional discovery until we appear before you on

21  November 18th.  That is what I was not understanding.

22          THE COURT:  Exactly.  There is nothing -- you don't

23  have to file anything on the personal jurisdiction motions

24  until I direct you to do so on November 18th.

25          MR. ESTRADA:  And for purposes of my report to my

 1    client today, you have essentially granted the defendant's

 2    motion for a stay until November 18th, with the exception of

 3    the pending motions to dismiss?

 4         THE COURT:  Yes, I am granting both your motion to stay

 5    and the defendant's motion to stay that briefing but for

 6    different reasons, obviously.

 7         All of this will be memorialized on the docket either

 8    today or tomorrow so that everyone is clear.

 9         So with regard to your response to the lack -- to the

10    motion to dismiss for lack of subject matter jurisdiction,

11    which is due today, was today fine or do you need more time?

12         MR. ESTRADA:  Just if I could have an extra three days

13    until the end of the weekend -- I am prepared to file it today.

14    I would like to make a report to my client as to the

15    proceedings that occurred today, and I would like to file it as

16    soon as I can, Your Honor.  But I would definitely speak to my

17    client just to see if they need to make any changes in light of

18    the proceedings today.  I would not mind having until Friday if

19    that's okay with the Court.

20         THE COURT:  That's fine with me.  That will be due on

21    the close of business Friday, October 16th.

22         MR. ESTRADA:  Okay.  Thank you, Your Honor.  In light

23    of the stay that you granted today until November 18th, which I

24    consider effectively an oral granting of the written motion

25    that the defendants filed two days ago for a stay of

1    proceedings, I assume as well that we don't have to answer that

2    motion in writing and that that's also stayed.

3          THE COURT:  Until I tell you to file anything else, you

4    don't have to do anything.

5          MR. ESTRADA:  Thank you, Your Honor.

6          THE COURT:  This will -- I mean, I am giving you an

7    oral ruling now, but it's going to be memorialized in writing

8    which you will get either later today or tomorrow.

9          MR. ESTRADA:  Thank you, Your Honor.

10          THE COURT:  Okay.  Anything else from the defendants?

11          MR. SURGEON:  Yes, Your Honor.  This is Naim Surgeon

12    from Akerman.

13          One other thing that I think we would want to point out

14    is the opposition to the motion to dismiss was subject to an

15    agreed-upon extension of page limits.  I believe it's going to

16    be around 35 pages.  We would probably -- we anticipate that we

17    are going to be seeking a short extension on the time to reply

18    and probably an extension of the page limits for the reply so I

19    just want to make the Court aware of that.

20          THE COURT:  Okay.  Well, first speak to Mr. Estrada to

21    see if you can get some agreement and then submit whatever you

22    need to to the Court.

23          MR. ESTRADA:  Yes, Your Honor, and as counsel knows, we

24    usually accommodate counsel as a courtesy.

25          THE COURT:  Okay.

1          All right.  Anything else from either side that we need

2    to take up today?

3          All right.  Hearing nothing, we will be in recess.

4    Thank you.

5          MR. ESTRADA:  Thank you, Your Honor.

6          MR. SURGEON:  Thank you, Your Honor.

7          MR. PEGG:  Thank you, Your Honor.

8          (Proceedings were concluded at 11:40 a.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    C E R T I F I C A T E
 2

 3            I hereby certify that the foregoing is an
 4    accurate transcription of the proceedings in the
 5    above-entitled matter.
 6

 7

 8            Please note:  This hearing occurred during the
 9    COVID-19 pandemic and is therefore subject to the
10    technological limitations of reporting remotely.
11

12

13

14
      October 28, 2020         /s/Patricia Diaz
15    DATE                     PATRICIA DIAZ, FCRR, RPR, FPR
                               Official Court Reporter
16                             United States District Court
                               400 North Miami Avenue, 11th Floor
17                             Miami, Florida 33128
                               (305) 523-5178
18

19

20

21

22

23

24

25
```

## /

**/s/Patricia** [1] - 27:14

## 1

**1** [1] - 1:7
**10022** [1] - 2:11
**10166** [1] - 1:18
**1050** [1] - 1:15
**10:00** [1] - 21:14
**11:00** [1] - 1:6
**11:40** [2] - 1:9, 26:8
**11th** [2] - 2:16, 27:16
**12(b** [1] - 21:5
**12(B)(1** [1] - 6:17
**12(b)(2** [5] - 6:8, 6:16, 21:5, 21:7, 23:6
**1224** [1] - 1:20
**13** [1] - 9:10
**14** [1] - 1:5
**1600** [1] - 2:8
**169** [1] - 1:20
**16th** [1] - 24:21
**18th** [7] - 21:13, 21:16, 23:12, 23:21, 23:24, 24:2, 24:23
**1998** [1] - 5:10

## 2

**2,000** [1] - 16:16
**20-CV-22471** [1] - 3:4
**20-CV-22471-DPG** [1] - 1:2
**200** [2] - 1:17, 2:2
**20036-5036** [1] - 1:15
**2020** [2] - 1:5, 27:14
**20th** [1] - 2:10
**22** [1] - 9:10
**26** [1] - 11:9
**2700** [1] - 1:24
**28** [1] - 27:14

## 3

**305** [2] - 2:17, 27:17
**33128** [2] - 2:17, 27:17
**33131** [2] - 1:20, 1:25
**33131-2339** [1] - 2:3
**33301** [1] - 2:2
**35** [1] - 25:16
**350** [1] - 2:7

## 4

**400** [2] - 2:16, 27:16
**47th** [1] - 1:17

## 5

**520** [1] - 2:10
**523-5178** [2] - 2:17, 27:17
**5300** [1] - 2:2
**54** [1] - 23:1

## 6

**600** [1] - 1:24
**6023** [1] - 9:10

## A

**a.m** [4] - 1:6, 21:14, 26:8
**ability** [2] - 11:20, 15:4
**above-entitled** [1] - 27:5
**accept** [2] - 10:12, 14:18
**accepted** [1] - 17:5
**accommodate** [1] - 25:24
**accurate** [1] - 27:4
**Act** [1] - 8:22
**action** [4] - 8:21, 19:4, 19:10, 20:24
**actions** [1] - 8:21
**activity** [10] - 9:11, 9:13, 9:15, 9:17, 9:23, 10:3, 10:20, 10:22, 15:16, 20:11
**actual** [1] - 11:4
**add** [1] - 16:1
**additional** [1] - 7:20
**address** [3] - 4:4, 7:23, 14:10
**addressed** [3] - 7:12, 16:6, 16:7
**addresses** [1] - 5:25
**affidavit** [1] - 10:21
**affidavits** [1] - 7:17
**affiliates** [1] - 16:13
**affirmatively** [1] - 19:17
**afoul** [1] - 8:8
**ago** [2] - 18:7, 24:25
**agree** [1] - 19:11
**agreed** [1] - 25:15
**agreed-upon** [1] - 25:15
**agreement** [2] - 8:17, 25:21
**ahead** [2] - 5:15, 7:25
**AIR** [1] - 2:1
**Air** [1] - 3:18

**AKERMAN** [2] - 2:7, 2:10
**Akerman** [3] - 3:20, 25:12
**al** [1] - 1:8
**albeit** [1] - 20:18
**allegations** [3] - 7:16, 10:6, 11:6
**alleged** [2] - 10:1, 10:2
**Allen** [3] - 3:14, 11:17
**ALLEN** [1] - 1:23
**allow** [6] - 4:20, 14:25, 15:4, 15:22, 20:24, 21:4
**allowing** [1] - 14:20
**almost** [2] - 7:20, 16:16
**AMERICAN** [1] - 1:4
**American** [3] - 3:2, 5:2
**amount** [1] - 19:7
**ample** [1] - 15:22
**analysis** [2] - 9:6, 20:15
**anchor** [1] - 9:2
**answer** [2] - 16:21, 25:1
**answered** [1] - 5:14
**anticipate** [1] - 25:16
**apologize** [1] - 22:14
**Appeals** [2] - 17:11, 17:13
**appeals** [1] - 18:1
**appear** [2] - 21:13, 23:20
**appearance** [1] - 3:5
**APPEARANCES** [1] - 1:12
**appropriate** [5] - 16:23, 18:5, 18:12, 18:14, 18:17
**argue** [6] - 7:5, 7:6, 14:8, 19:3, 19:9, 20:6
**argued** [2] - 14:12, 20:7
**argues** [1] - 19:17
**arguing** [2] - 9:20, 19:14
**argument** [6] - 7:7, 8:1, 17:5, 18:16, 20:2, 20:23
**arguments** [3] - 15:24, 16:14, 19:12
**Arm** [5] - 8:24, 9:25, 19:18, 20:1, 20:8
**Article** [6] - 6:23, 12:11, 15:18, 17:4, 17:20, 18:17

**articulated** [2] - 12:2, 15:5
**aspect** [1] - 10:1
**asserting** [1] - 9:22
**assertions** [1] - 7:18
**assess** [2] - 19:18, 20:9
**assessed** [1] - 17:13
**assessment** [2] - 7:9, 20:8
**assume** [3] - 5:12, 21:22, 25:1
**assumes** [1] - 6:6
**assuring** [1] - 8:4
**attached** [1] - 7:20
**attacking** [1] - 12:10
**attacks** [1] - 13:5
**attempt** [1] - 17:1
**attention** [1] - 9:5
**AUDI** [1] - 1:14
**Audi** [1] - 3:9
**authority** [3] - 12:24, 14:19, 14:23
**available** [2] - 10:8, 21:15
**Avenue** [6] - 1:15, 1:17, 1:24, 2:10, 2:16, 27:16
**aware** [1] - 25:19

## B

**b)(1** [1] - 22:3
**b)(6** [1] - 22:4
**background** [1] - 10:4
**bankruptcies** [1] - 17:20
**bankruptcy** [3] - 12:14, 16:13, 16:15
**barred** [2] - 19:5, 19:10
**based** [6] - 7:8, 12:13, 16:12, 16:14, 17:19, 17:20
**basic** [1] - 7:15
**basis** [1] - 9:3
**BBC** [5] - 2:4, 2:5, 3:20, 3:21, 10:23
**BEFORE** [1] - 1:11
**beginning** [2] - 6:19, 18:25
**behalf** [4] - 3:16, 3:18, 3:20, 11:23
**benefit** [4] - 5:3, 14:17, 17:2, 20:22
**benefited** [2] - 9:14, 20:12
**benefitted** [1] - 9:18
**benefitting** [1] - 9:12

**best** [1] - 20:23
**better** [4] - 11:8, 21:1, 21:19, 23:14
**between** [2] - 6:13, 6:14
**big** [1] - 10:12
**Biscayne** [1] - 2:2
**bit** [3] - 19:6, 22:13, 22:14
**blanket** [1] - 10:21
**Bobby** [1] - 3:17
**BOCKIUS** [1] - 2:1
**bottom** [1] - 4:6
**bought** [2] - 17:20, 18:16
**Boulevard** [2] - 2:2, 2:7
**bracket** [1] - 17:18
**breadth** [1] - 9:16
**Brickell** [1] - 1:24
**brief** [9] - 6:24, 9:21, 14:1, 14:3, 14:4, 20:7, 20:14, 22:16, 23:19
**briefed** [8] - 13:3, 13:4, 14:5, 15:11, 21:1, 21:18, 21:24, 23:14
**briefing** [16] - 4:10, 13:19, 13:20, 14:6, 14:25, 20:17, 20:24, 21:4, 21:7, 21:9, 22:18, 22:21, 22:24, 23:4, 24:5
**BROCHIN** [2] - 2:1, 3:17
**Brochin** [1] - 3:17
**Burton** [1] - 8:21
**business** [1] - 24:21
**BY** [1] - 2:13

## C

**calendars** [1] - 21:15
**cannot** [3] - 6:3, 22:9, 22:16
**Caribbean** [1] - 10:25
**carry** [1] - 7:4
**case** [27] - 3:4, 5:20, 5:21, 5:23, 5:24, 6:6, 6:14, 6:16, 6:17, 6:18, 7:10, 8:5, 11:1, 11:23, 13:14, 17:1, 17:8, 17:22, 17:24, 17:25, 18:1, 18:3, 18:4, 18:8, 21:2, 21:9
**CASE** [1] - 1:2
**cases** [8] - 5:8, 6:9, 12:3, 12:22, 14:18, 15:6, 18:13, 18:14

**Casey** [1] - 3:10
**CASEY** [1] - 1:16
**causing** [1] - 9:15
**central** [1] - 4:5
**certainly** [1] - 8:5
**certify** [1] - 27:3
**challenge** [3] -
11:21, 13:7, 14:21
**challenges** [2] -
11:21, 12:8
**chance** [1] - 19:2
**changes** [1] - 24:17
**characterized** [1] -
17:12
**CHARTERING** [2] -
2:4, 2:5
**Chartering** [2] - 3:20,
3:21
**check** [1] - 21:14
**choose** [1] - 6:14
**chosen** [2] - 7:17,
11:2
**Chudasama** [4] -
12:4, 17:8, 17:22,
17:25
**CHUDASAMA** [1] -
18:1
**circling** [1] - 11:18
**Circuit** [1] - 17:8
**cite** [1] - 15:6
**cited** [1] - 10:15
**civil** [1] - 16:20
**claim** [4] - 8:20,
15:18, 16:10, 17:15
**claims** [2] - 13:8,
17:19
**clarification** [1] -
21:21
**clarify** [1] - 22:19
**clear** [6] - 8:2, 8:9,
13:17, 14:7, 22:22,
24:8
**client** [4] - 16:12,
24:1, 24:14, 24:17
**close** [2] - 15:2,
24:21
**CO** [1] - 1:8
**codes** [1] - 10:7
**colleague** [2] - 3:10,
3:15
**colleagues** [1] - 3:22
**coming** [1] - 18:24
**commences** [1] -
20:10
**commercial** [9] -
9:11, 9:13, 9:17, 9:23,
10:3, 10:20, 10:22,
15:16, 20:11
**Company** [4] - 3:4,
5:8, 5:10, 8:8

**competing** [1] - 4:4
**complaint** [6] - 7:16,
10:6, 10:15, 11:2,
17:14, 18:24
**comply** [1] - 9:22
**conceded** [1] - 9:20
**concern** [1] - 4:21
**conclude** [1] - 19:2
**concluded** [1] - 26:8
**conduct** [3] - 12:14,
23:8, 23:19
**conference** [1] -
21:12
**confines** [1] - 11:9
**confiscated** [5] - 9:8,
9:12, 9:14, 9:24,
20:12
**confused** [1] - 22:14
**Connecticut** [1] -
1:15
**consider** [5] - 8:24,
18:10, 23:2, 23:11,
24:24
**consideration** [3] -
6:9, 13:11, 18:19
**considered** [1] - 17:6
**Constitution** [1] -
6:23
**contend** [2] - 16:10,
16:24
**contending** [1] -
7:21
**contention** [7] -
6:25, 7:15, 12:7, 16:7,
16:12, 16:22, 17:3
**contentions** [2] -
6:18, 6:21
**continue** [4] - 21:4,
21:9, 22:20, 22:24
**contract** [1] - 10:17
**controlled** [1] - 5:7
**controversy** [4] -
6:4, 8:3, 8:18, 8:20
**conveniens** [1] -
5:17
**core** [3] - 6:1, 12:16,
15:17
**correct** [2] - 6:2,
20:15
**counsel** [11] - 3:5,
3:9, 12:7, 12:11,
12:19, 12:22, 14:18,
15:9, 15:15, 25:23,
25:24
**countered** [1] - 22:9
**couple** [2] - 16:14,
18:7
**course** [3] - 14:2,
20:23, 21:14
**Court** [33] - 2:15,

2:15, 3:1, 4:7, 4:8,
5:8, 5:14, 5:19, 5:22,
6:13, 6:15, 7:5, 11:8,
11:20, 12:22, 12:23,
12:25, 14:18, 14:19,
14:24, 16:24, 17:9,
17:11, 17:13, 18:13,
19:8, 19:10, 24:19,
25:19, 25:22, 27:15,
27:16
**court** [8] - 5:3, 16:25,
17:4, 17:5, 17:10,
18:1, 19:20, 19:22
**COURT** [30] - 1:1,
3:12, 3:24, 4:1, 8:9,
8:13, 11:15, 11:25,
13:17, 14:8, 15:7,
16:1, 17:23, 19:22,
20:3, 20:16, 21:25,
22:6, 22:22, 23:8,
23:11, 23:17, 23:22,
24:4, 24:20, 25:3,
25:6, 25:10, 25:20,
25:25
**Court's** [4] - 9:5,
12:8, 12:12, 13:6
**courtesy** [1] - 25:24
**COURTROOM** [1] -
3:2
**courts** [3] - 7:1, 7:2,
14:10
**COVID-19** [1] - 27:9
**Crutcher** [1] - 3:7
**CRUTCHER** [2] -
1:14, 1:17
**Cuba** [3] - 9:3, 9:8,
9:9
**cut** [2] - 19:23, 19:25
**Cuyler** [1] - 3:15
**CUYLER** [1] - 1:23

**D**

**DARRIN** [1] - 1:11
**DATE** [1] - 27:15
**DAVID** [1] - 1:19
**David** [1] - 3:10
**days** [4] - 18:7, 23:4,
24:12, 24:25
**DC** [2] - 1:15, 3:8
**decide** [5] - 4:16,
4:17, 5:15, 5:17, 6:3
**deciding** [2] - 5:17,
6:4
**decision** [6] - 5:6,
5:12, 6:3, 6:10, 6:11,
15:2
**declaration** [2] -
10:12, 10:17
**declarations** [3] -

7:17, 9:21, 10:5
**defendant** [3] - 3:18,
11:16, 17:10
**defendant's** [2] -
24:1, 24:5
**defendants** [18] -
1:9, 3:20, 3:24, 4:9,
4:19, 6:20, 7:13, 7:16,
9:1, 9:21, 11:24, 14:1,
15:16, 15:20, 16:2,
18:22, 24:25, 25:10
**defense** [3] - 12:22,
16:18, 16:21
**deficiencies** [1] -
12:12
**defined** [1] - 10:2
**definite** [1] - 5:20
**definitely** [1] - 24:16
**definition** [3] - 8:16,
9:7, 20:10
**delay** [1] - 17:12
**delivery** [1] - 10:17
**denial** [1] - 10:21
**DEPUTY** [1] - 3:2
**describe** [1] - 9:1
**determination** [1] -
4:25
**determine** [1] - 14:2
**determined** [1] -
4:23
**determining** [1] -
14:13
**Diaz** [1] - 27:14
**DIAZ** [2] - 2:14,
27:15
**different** [5] - 5:23,
7:13, 16:25, 20:18,
24:6
**direct** [1] - 23:24
**disclosures** [1] -
12:14
**disconnected** [1] -
19:20
**discovery** [42] - 4:10,
4:21, 4:22, 6:7, 7:12,
7:21, 7:24, 8:7, 8:10,
8:11, 8:13, 9:18,
10:11, 11:7, 11:9,
11:10, 12:5, 12:18,
13:15, 14:13, 14:20,
15:4, 15:9, 15:12,
15:14, 15:19, 15:23,
17:11, 18:5, 18:10,
19:14, 20:6, 21:3,
21:24, 22:10, 22:13,
22:18, 22:20, 23:9,
23:20
**discretion** [2] -
14:25, 15:22
**discussion** [2] -

12:17, 15:13
**dismiss** [33] - 6:21,
6:22, 7:14, 12:6,
13:21, 14:7, 16:8,
16:14, 16:17, 16:24,
17:13, 17:17, 18:9,
18:11, 18:16, 20:18,
20:20, 20:25, 21:5,
21:8, 21:10, 21:17,
21:22, 22:2, 22:3,
22:8, 22:17, 22:25,
23:5, 23:13, 24:3,
24:10, 25:14
**dismissal** [4] - 13:8,
15:1, 15:24, 19:16
**dismissed** [1] - 19:4
**disposition** [1] - 8:6
**dispute** [4] - 7:17,
7:18, 9:19
**distinction** [1] - 14:9
**DISTRICT** [3] - 1:1,
1:1, 1:11
**district** [4] - 7:1, 7:2,
7:9, 17:9
**District** [2] - 2:15,
27:16
**DIVISION** [1] - 1:2
**Docket** [1] - 23:1
**docket** [1] - 24:17
**documents** [2] -
7:18, 7:21
**Dom** [1] - 3:23
**DOMB** [1] - 2:9
**down** [4] - 4:2, 7:3,
15:15, 17:6
**draw** [1] - 9:5
**drew** [1] - 14:8
**dropping** [1] - 9:2
**DSV** [4] - 2:1, 3:18,
10:13, 20:7
**dubious** [2] - 17:15,
17:18
**due** [3] - 12:15,
24:11, 24:20
**DUNN** [2] - 1:14,
1:17
**Dunn** [1] - 3:7
**during** [1] - 27:8

**E**

**East** [1] - 2:7
**effectively** [1] -
24:24
**efficiency** [4] - 13:9,
14:23, 18:14
**either** [6] - 5:18,
11:20, 12:18, 24:7,
25:8, 26:1
**elements** [1] - 7:19

3

**Eleventh** [1] - 17:8
**end** [2] - 13:13, 24:13
**engage** [1] - 17:10
**engaged** [3] - 10:16, 10:21, 20:11
**Engaging** [1] - 9:11
**engaging** [6] - 9:13, 9:17, 10:2, 10:19, 15:16, 17:11
**enter** [1] - 10:25
**entered** [1] - 10:16
**entitled** [2] - 11:5, 27:5
**Entry** [1] - 23:1
**equities** [1] - 18:20
**error** [2] - 10:9, 10:12
**especially** [3] - 17:14, 17:18, 20:22
**ESQ** [10] - 1:13, 1:14, 1:16, 1:19, 1:23, 1:23, 2:1, 2:6, 2:6, 2:9
**essential** [1] - 9:22
**essentially** [2] - 13:23, 24:1
**establishing** [1] - 15:19
**estoppel** [1] - 16:19
**Estrada** [9] - 3:7, 4:15, 4:24, 5:2, 14:8, 19:25, 20:3, 22:22, 25:20
**ESTRADA** [24] - 1:13, 3:6, 3:7, 3:13, 5:1, 8:12, 8:15, 16:5, 17:25, 20:4, 21:20, 22:3, 22:7, 23:7, 23:10, 23:16, 23:18, 23:25, 24:12, 24:22, 25:5, 25:9, 25:23, 26:5
**et** [1] - 1:8
**exactly** [4] - 5:6, 20:4, 20:6, 23:22
**example** [6] - 5:22, 6:8, 8:7, 10:7, 10:13, 14:20
**exceedingly** [1] - 17:12
**exception** [1] - 24:2
**excuse** [1] - 19:22
**exercise** [1] - 14:24
**existing** [1] - 18:13
**expect** [3] - 10:11, 19:3, 19:7
**expected** [1] - 11:4
**explore** [1] - 15:16
**extension** [3] - 25:15, 25:17, 25:18

**extent** [1] - 7:2
**extra** [1] - 24:12
**extrinsic** [1] - 16:16

**F**

**face** [1] - 11:5, 15:25
**fact** [2] - 7:16, 16:12
**factors** [2] - 12:3, 15:5
**factual** [2] - 11:6, 19:7
**factually** [1] - 10:6
**fairly** [1] - 13:4
**faith** [1] - 19:8
**far** [1] - 21:3
**FCRR** [2] - 2:14, 27:15
**federal** [5] - 8:21, 8:24, 9:22, 10:8, 20:10
**few** [1] - 22:1
**fighting** [1] - 19:8
**fights** [1] - 11:11
**file** [7] - 6:25, 14:1, 23:1, 23:23, 24:13, 24:15, 25:3
**filed** [16] - 6:20, 8:18, 9:21, 10:4, 10:5, 10:17, 10:20, 12:15, 13:4, 14:3, 14:4, 15:11, 18:6, 18:21, 19:10, 24:25
**filing** [2] - 16:18, 22:4
**filings** [2] - 7:19, 19:15
**final** [1] - 19:13
**finally** [1] - 15:8
**fine** [2] - 24:11, 24:20
**firm** [1] - 3:9
**first** [12] - 4:14, 4:23, 4:24, 4:25, 5:4, 6:2, 6:12, 11:15, 13:10, 15:25, 16:20, 25:20
**Flagler** [1] - 1:20
**Floor** [4] - 1:17, 2:10, 2:16, 27:16
**FLORIDA** [1] - 1:1
**Florida** [13] - 1:4, 1:20, 1:25, 2:3, 2:8, 2:17, 8:23, 9:4, 9:20, 9:25, 10:23, 19:18, 27:17
**followed** [1] - 5:13
**footnote** [2] - 19:16, 20:7
**FOR** [5] - 1:13, 1:22, 2:1, 2:4, 2:5

**forced** [1] - 17:10
**foregoing** [1] - 27:3
**formulation** [2] - 5:5, 6:1
**Fort** [1] - 2:8
**forth** [2] - 7:23, 10:23
**forum** [3] - 5:17, 5:23, 8:7
**forums** [1] - 12:19
**forward** [7] - 11:20, 11:22, 12:24, 13:1, 14:20, 15:5, 18:17
**FPR** [2] - 2:14, 27:15
**framed** [2] - 5:5, 8:19
**frankly** [1] - 19:14
**fraud** [1] - 17:15
**FREYRE** [1] - 2:6
**Freyre** [1] - 3:22
**Friday** [2] - 24:18, 24:21
**front** [1] - 9:2
**full** [1] - 20:24
**fully** [9] - 8:10, 13:3, 13:4, 14:5, 15:10, 19:3, 21:1, 21:18, 23:13

**G**

**GAYLES** [1] - 1:11
**Gayles** [1] - 3:14
**general** [1] - 11:8
**GIBSON** [1] - 1:14, 1:17
**Gibson** [1] - 3:7
**given** [1] - 8:18
**Goldwind** [3] - 3:3, 3:16, 10:14
**GOLDWIND** [1] - 1:7, 1:22
**government** [1] - 10:9
**grant** [2] - 19:1, 21:6
**granted** [4] - 13:12, 13:24, 24:1, 24:23
**granting** [2] - 24:4, 24:24
**grounds** [5] - 12:10, 12:18, 13:7, 15:1, 17:17
**guess** [2] - 4:5, 4:24

**H**

**handling** [1] - 6:14
**hang** [1] - 21:14
**happy** [2] - 11:7, 11:12
**hard** [2] - 16:9
**heard** [3] - 12:22,

14:8, 15:18
**hearing** [5] - 4:2, 6:20, 16:3, 26:3, 27:8
**HEARING** [1] - 1:10
**held** [2] - 5:11, 5:23
**Helms** [1] - 8:21
**Helms-Burton** [1] - 8:21
**hereby** [1] - 27:3
**HOGAN** [1] - 1:24
**Hogan** [2] - 3:15, 11:17
**Honor** [26] - 3:6, 3:19, 3:25, 5:1, 11:19, 11:22, 12:1, 12:9, 12:15, 13:23, 14:22, 15:8, 15:22, 16:5, 21:20, 23:16, 24:16, 24:22, 25:5, 25:9, 25:11, 25:23, 26:5, 26:6, 26:7
**Honor's** [1] - 11:19
**HONORABLE** [1] - 1:11
**hope** [1] - 19:9
**housekeeping** [2] - 18:18, 21:21

**I**

**idea** [1] - 23:14
**identical** [1] - 7:10
**identified** [2] - 6:19, 16:8
**ignore** [1] - 11:3
**III** [6] - 6:23, 12:11, 15:18, 17:4, 17:20, 18:17
**important** [1] - 8:19
**impossible** [1] - 6:6
**INC** [1] - 1:4
**include** [1] - 13:20
**including** [4] - 4:18, 13:19, 14:6, 22:12
**individual** [1] - 4:19
**Industries** [1] - 3:3
**INDUSTRIES** [1] - 1:4
**inherent** [1] - 6:2
**initial** [2] - 11:19, 11:24
**interim** [1] - 6:7
**International** [1] - 3:16
**INTERNATIONAL** [1] - 1:22
**interrupt** [1] - 21:20
**issue** [10] - 4:5, 4:6, 8:5, 8:16, 11:12, 12:16, 13:14, 15:17,

17:9, 21:21
**issues** [12] - 4:4, 4:10, 6:8, 7:12, 12:11, 12:25, 13:3, 14:11, 14:12, 14:13, 14:25

**J**

**Jermaine** [1] - 19:23
**joint** [8] - 6:21, 12:2, 13:1, 13:10, 15:6, 16:13, 22:2
**JR** [1] - 1:23
**JUDGE** [1] - 1:11
**Judge** [5] - 3:14, 11:17, 12:1, 12:17, 14:16
**judge** [1] - 4:22
**judges** [1] - 7:9
**judicial** [2] - 13:9, 16:25
**jurisdiction** [52] - 4:7, 4:8, 4:18, 4:19, 4:23, 5:12, 5:15, 5:16, 5:18, 6:4, 6:12, 6:23, 7:14, 7:19, 7:24, 8:4, 9:4, 9:19, 11:21, 12:9, 12:10, 12:13, 12:24, 13:6, 13:21, 14:7, 14:10, 14:12, 14:22, 15:1, 15:20, 15:24, 16:10, 16:22, 17:3, 19:8, 19:11, 19:17, 20:18, 20:21, 20:25, 21:11, 21:18, 21:22, 22:9, 22:17, 22:25, 23:5, 23:13, 23:23, 24:10
**jurisdictional** [28] - 4:20, 7:12, 8:10, 8:11, 12:5, 12:18, 13:3, 13:15, 14:6, 14:20, 15:4, 15:9, 15:12, 15:14, 15:19, 15:23, 18:4, 18:10, 19:3, 21:3, 21:23, 22:10, 22:13, 22:17, 22:18, 22:20, 23:9, 23:20
**Justice** [1] - 5:10

**K**

**keep** [1] - 10:19
**kept** [1] - 18:21
**keyed** [1] - 18:23
**kid** [1] - 16:15
**knows** [1] - 25:23
**KYUNG** [1] - 1:16
**KYUNG-SE** [1] - 1:16

## L

**lack** [16] - 7:14, 12:14, 13:21, 19:17, 20:18, 20:20, 20:25, 21:10, 21:17, 21:22, 22:8, 22:25, 23:5, 23:13, 24:9, 24:10
**large** [1] - 19:7
**Las** [1] - 2:7
**last** [4] - 5:19, 7:20, 8:18, 19:25
**late** [2] - 5:10, 7:19
**Lauderdale** [1] - 2:8
**law** [1] - 8:2
**laws** [1] - 9:22
**lead** [1] - 11:11
**least** [1] - 21:2
**leave** [1] - 23:8
**LEE** [1] - 1:16
**Lee** [1] - 3:10
**left** [2] - 13:14, 20:4
**lengthy** [1] - 17:12
**Lewis** [1] - 3:18
**LEWIS** [1] - 2:1
**light** [2] - 24:17, 24:22
**limitations** [2] - 18:22, 27:10
**Limited** [1] - 3:4
**limits** [2] - 25:15, 25:18
**line** [2] - 3:9, 3:22
**list** [1] - 11:7
**LLC** [1] - 3:21
**LLP** [7] - 1:14, 1:17, 1:19, 1:24, 2:1, 2:7, 2:10
**Long-Arm** [5] - 8:24, 9:25, 19:18, 20:1, 20:8
**look** [2] - 17:16, 19:15
**looked** [1] - 7:9
**looking** [1] - 19:1
**LOVELLS** [1] - 1:24
**Lovells** [2] - 3:16, 11:18
**LTD** [2] - 1:8, 3:21

## M

**Madison** [1] - 2:10
**magistrate** [1] - 4:22
**manage** [2] - 6:6, 8:5
**management** [2] - 5:21, 5:24
**Mandel** [1] - 3:11
**MANDEL** [3] - 1:19, 1:19

**Martin** [1] - 3:23
**MARTIN** [1] - 2:9
**material** [1] - 11:4
**materials** [2] - 16:16, 19:7
**matter** [30] - 4:7, 4:17, 4:23, 5:15, 5:18, 6:4, 6:22, 8:4, 11:21, 12:8, 12:10, 12:13, 12:24, 13:6, 14:9, 14:21, 15:1, 15:24, 16:10, 16:22, 17:3, 20:21, 20:25, 21:10, 21:18, 21:22, 22:25, 23:13, 24:10, 27:5
**matters** [2] - 4:22, 18:18
**mean** [2] - 4:6, 25:6
**memorialized** [2] - 24:7, 25:7
**mentioned** [1] - 6:10
**merely** [2] - 9:8, 9:9
**meritorious** [1] - 16:19
**merits** [18] - 5:13, 5:20, 6:3, 6:11, 6:13, 6:17, 7:4, 7:8, 8:3, 8:5, 14:11, 14:13, 15:13, 15:17, 17:10, 19:14, 20:6
**MIAMI** [1] - 1:2
**Miami** [11] - 1:4, 1:20, 1:25, 2:3, 2:16, 2:17, 3:10, 3:16, 3:23, 27:16, 27:17
**midnight** [1] - 7:20
**might** [2] - 7:4, 16:24
**Miguel** [2] - 3:6, 5:2
**MIGUEL** [1] - 1:13
**mind** [2] - 10:19, 24:18
**mindful** [1] - 4:2
**mistaken** [1] - 10:6
**moment** [1] - 10:10
**moot** [1] - 12:17
**Morgan** [1] - 3:18
**MORGAN** [1] - 2:1
**morning** [7] - 3:6, 3:12, 3:13, 3:14, 3:17, 3:19, 4:1
**MOTION** [1] - 1:10
**motion** [64] - 6:21, 6:22, 7:11, 8:10, 8:11, 10:15, 12:2, 12:6, 12:8, 13:1, 13:2, 13:5, 13:10, 13:11, 13:12, 13:18, 13:20, 13:24, 13:25, 14:4, 15:6, 15:10, 16:8, 16:11, 16:14, 16:17, 16:24,

17:13, 17:17, 17:21, 18:6, 18:9, 18:10, 18:15, 19:16, 20:17, 20:20, 20:25, 21:1, 21:4, 21:5, 21:10, 21:17, 21:22, 21:24, 22:2, 22:3, 22:8, 22:16, 22:19, 22:24, 23:5, 23:6, 23:8, 23:12, 23:19, 24:2, 24:4, 24:5, 24:10, 24:24, 25:2, 25:14
**motions** [16] - 4:3, 4:4, 6:19, 7:13, 11:3, 13:21, 14:6, 15:12, 21:6, 21:7, 21:23, 22:1, 23:11, 23:23, 24:3
**move** [5] - 11:20, 12:24, 13:1, 14:19, 19:16
**MR** [34] - 3:6, 3:13, 3:14, 3:17, 3:19, 3:25, 5:1, 8:12, 8:15, 11:17, 12:1, 13:23, 14:16, 15:8, 16:5, 17:25, 20:4, 21:20, 22:3, 22:7, 23:7, 23:10, 23:16, 23:18, 23:25, 24:12, 24:22, 25:5, 25:9, 25:11, 25:23, 26:5, 26:6, 26:7
**multiple** [1] - 12:9
**mystified** [1] - 19:15

## N

**NAIM** [1] - 2:6
**Naim** [2] - 3:19, 25:11
**narrow** [1] - 11:10
**nature** [1] - 8:8
**necessarily** [1] - 5:15
**necessary** [1] - 10:23
**need** [9] - 8:13, 10:10, 14:1, 23:2, 23:3, 24:11, 24:17, 25:22, 26:1
**needed** [3] - 7:4, 7:22, 7:24
**needs** [1] - 5:24
**New** [5] - 1:18, 2:11, 3:23
**next** [1] - 18:25
**night** [2] - 7:20, 8:19
**NO** [1] - 1:2
**non** [5] - 5:17, 5:20, 6:17, 8:7, 16:19

**normally** [1] - 14:9
**North** [4] - 2:16, 3:2, 5:2, 27:16
**NORTH** [1] - 1:4
**note** [3] - 15:8, 17:6, 27:8
**noted** [2] - 12:1, 12:7
**nothing** [6] - 9:2, 9:3, 10:18, 11:1, 23:22, 26:3
**notice** [1] - 16:25
**November** [7] - 21:13, 21:16, 23:22, 23:21, 23:24, 24:2, 24:23
**number** [2] - 3:4, 7:15
**NW** [1] - 1:15

## O

**observation** [2] - 4:14, 4:16
**obviously** [2] - 11:13, 24:6
**occurred** [2] - 24:15, 27:8
**October** [3] - 1:5, 24:21, 27:14
**OF** [1] - 1:1
**official** [1] - 2:15
**Official** [1] - 27:15
**Olas** [1] - 2:7
**omnibus** [6] - 12:6, 12:8, 13:2, 13:5, 13:12, 13:25
**once** [2] - 10:25, 21:1
**one** [16] - 6:21, 7:4, 7:8, 9:20, 12:7, 16:19, 17:16, 17:20, 18:16, 19:5, 19:19, 20:11, 21:20, 21:21, 22:4, 25:13
**ongoing** [1] - 21:23
**oppose** [1] - 11:2
**opposition** [6] - 6:24, 12:15, 13:4, 13:25, 14:2, 25:14
**oppositions** [2] - 15:11
**oral** [2] - 24:24, 25:7
**order** [5] - 5:12, 14:4, 14:24, 15:2, 19:18
**Order** [1] - 3:1
**orders** [1] - 6:7
**otherwise** [3] - 9:11, 9:14, 12:5
**outline** [1] - 11:13
**outlined** [1] - 13:1,

15:9, 18:23
**outset** [1] - 11:10
**overarching** [3] - 4:13, 4:14, 4:16
**own** [4] - 7:6, 12:13, 19:15, 20:14

## P

**page** [2] - 25:15, 25:18
**pages** [2] - 16:16, 25:16
**Pages** [1] - 1:7
**pandemic** [1] - 27:9
**papers** [2] - 15:25, 18:15
**parameters** [1] - 11:13
**Park** [1] - 1:17
**part** [5] - 5:25, 6:2, 8:19, 9:23, 20:7
**participated** [1] - 20:12
**participating** [1] - 9:15
**parties** [4] - 4:11, 6:7, 13:1, 21:13
**parties'** [1] - 4:3
**party** [2] - 10:16, 13:9
**PATRICIA** [2] - 2:14, 27:15
**PEDRO** [1] - 2:6
**Pedro** [1] - 3:22
**Pegg** [4] - 3:15, 11:17, 16:7, 19:13
**PEGG** [9] - 1:23, 3:14, 3:25, 11:17, 12:1, 13:23, 14:16, 15:8, 26:7
**pending** [3] - 14:21, 20:20, 24:3
**period** [1] - 8:14
**personal** [22] - 4:8, 4:18, 5:16, 5:18, 7:14, 7:19, 7:23, 9:4, 9:19, 12:24, 13:21, 14:7, 14:12, 19:3, 19:8, 19:11, 19:17, 20:18, 22:8, 22:17, 23:5, 23:23
**phone** [1] - 19:20
**plaintiff** [1] - 16:4
**Plaintiff** [1] - 1:5
**PLAINTIFF** [1] - 1:13
**plaintiff's** [4] - 12:13, 12:22, 13:8, 13:25
**plaintiffs** [1] - 4:15
**planet** [1] - 17:5

pleadings [1] - 8:18
ploy [1] - 19:6
point [12] - 9:6, 10:9,
11:19, 11:24, 12:4,
16:17, 18:3, 19:13,
19:15, 19:21, 23:15,
25:13
pointing [1] - 17:4
port [10] - 9:2, 9:8,
9:9, 9:17, 9:18, 9:24,
10:3, 10:20, 10:22,
15:17
position [2] - 6:17,
22:16
premise [1] - 6:5
prepared [2] - 7:23,
24:13
present [1] - 17:1
presented [1] - 6:25
pretty [1] - 4:4
primarily [1] - 11:23
principle [1] - 6:1
probe [1] - 11:6
procedural [1] -
14:24
procedure [1] -
16:20
proceed [5] - 4:5,
4:12, 14:14, 21:2,
23:14
proceeding [1] -
22:15
Proceedings [1] -
26:8
proceedings [10] -
12:5, 12:14, 16:15,
16:25, 18:7, 20:24,
24:15, 24:18, 25:1,
27:4
process [1] - 13:13
proffer [1] - 19:7
profiting [1] - 9:15
prong [4] - 9:25,
19:18, 20:1, 20:8
property [3] - 9:12,
9:14, 20:12
proposition [4] -
5:11, 6:10, 11:8,
20:11
provides [1] - 6:6
PTE [1] - 3:21
public [1] - 10:14
publicly [1] - 10:8
purpose [1] - 8:23
purposes [6] - 7:25,
8:1, 8:23, 9:18, 14:23,
23:25
put [2] - 11:4, 16:21

**Q**

questioned [1] -
14:10
quote [1] - 17:14
quoting [2] - 9:9,
20:14

**R**

raise [2] - 7:13,
16:23
raised [3] - 6:18,
16:8, 18:19
raising [1] - 17:3
range [1] - 7:18
rather [1] - 11:9
read [1] - 14:17
ready [2] - 6:8, 14:5
really [2] - 5:7, 16:9
reason [3] - 12:25,
15:3, 15:21
reasons [3] - 15:23,
20:19, 24:6
received [1] - 13:25
recently [1] - 14:17
recess [1] - 26:3
recognize [2] - 7:7,
18:15
recognized [1] - 18:4
reconvene [1] -
23:12
referenced [1] -
12:12
referring [1] - 21:23
regard [1] - 24:9
regarding [1] - 4:10
regardless [4] -
12:21, 12:23, 14:19,
14:22
REGINALD [1] - 1:23
Reginald [1] - 3:15
regular [1] - 12:3
rejected [1] - 7:1
relatively [1] - 14:3,
15:2
relevance [1] - 11:14
relevant [4] - 9:4,
10:22, 13:11, 18:20
relevantly [1] - 9:24
reliance [1] - 17:7
remind [1] - 13:18
remotely [1] - 27:10
render [3] - 5:12, 6:3,
8:3
repeat [1] - 20:3
reply [7] - 14:1, 14:3,
14:4, 16:4, 23:3,
25:17, 25:18
report [2] - 23:25,

24:14
REPORTED [1] -
2:13
REPORTER [2] -
17:23, 19:22
Reporter [2] - 2:15,
27:15
reporter [5] - 5:3,
19:20, 19:23
reporting [1] - 27:10
representation [1] -
14:18
request [1] - 4:20,
8:11
resolution [3] - 14:5,
17:12, 18:8
resolutions [1] -
5:21
resolved [4] - 12:6,
12:17, 13:12, 14:12
respect [3] - 7:11,
17:4, 18:6
respective [2] - 21:6,
21:15
respond [3] - 14:15,
16:6, 22:9
response [3] - 22:4,
23:1, 24:9
rest [1] - 11:22
result [1] - 13:24
returning [1] - 16:3
ripe [3] - 4:3, 8:10,
20:21
rival [1] - 6:19
road [1] - 7:3
ROBERT [1] - 2:1
roost [1] - 18:24
RPR [2] - 2:14, 27:15
Ruhgras [3] - 5:8,
5:13, 6:15
Rule [1] - 11:9
rule [2] - 4:22, 8:8
ruling [5] - 5:20, 7:3,
8:3, 25:7
rulings [1] - 6:13
running [1] - 8:8

**S**

Scalia [1] - 5:10
SCIENCE [1] - 1:7
Science [1] - 3:3
scope [1] - 8:17
SE [1] - 1:16
Sea [1] - 3:18
SEA [1] - 2:1
second [6] - 5:25,
6:5, 6:16, 16:7, 18:3,
18:19
Section [1] - 9:10

see [6] - 6:24, 14:1,
16:11, 23:10, 24:17,
25:21
seeking [1] - 25:17
send [1] - 5:23
sense [5] - 4:11,
12:16, 19:19, 21:2,
21:19
sensibility [1] - 12:4
separate [1] - 13:21
separately [2] - 4:8,
7:13
sequence [1] - 14:24
series [1] - 6:16
serve [2] - 11:6, 11:9
set [2] - 4:2, 21:12
seven [1] - 23:4
several [1] - 21:25
ships [1] - 10:25
short [4] - 13:18,
14:3, 15:2, 25:17
show [1] - 10:11
showing [1] - 9:8
side [1] - 26:1
sides [2] - 4:9, 20:17
silence [1] - 16:3
simply [1] - 20:6
SINGAPORE [1] -
2:5
Singapore [1] - 3:21
Sinochem [5] - 5:9,
5:16, 5:19, 5:23, 8:6
slew [1] - 11:4
soon [2] - 13:4,
24:16
sorry [3] - 17:23,
21:20, 22:13
sort [5] - 5:4, 6:5,
7:4, 10:24, 18:24
sought [1] - 22:11
sounded [2] - 15:10,
15:13
sources [1] - 10:9
SOUTHERN [1] - 1:1
speaking [1] - 19:25
specific [1] - 15:19
squabbles [1] -
11:11
stand [1] - 6:10
standing [1] - 12:11
start [2] - 8:16, 18:24
starting [1] - 9:6
statements [1] -
10:14
States [2] - 2:15,
27:16
STATES [2] - 1:1,
1:11
stating [1] - 10:5

status [1] - 21:12
Statute [5] - 8:24,
9:25, 19:19, 20:1,
20:8
statute [3] - 9:10,
10:1, 18:22
statutory [4] - 8:20,
9:7, 9:16, 11:3
stay [22] - 4:10, 12:2,
12:4, 13:10, 13:19,
13:24, 14:25, 15:6,
18:7, 18:9, 19:9,
20:17, 20:24, 21:6,
22:5, 22:11, 23:4,
24:2, 24:4, 24:5,
24:23, 24:25
stayed [5] - 14:6,
14:7, 22:12, 23:9,
25:2
staying [1] - 22:6
Steel [2] - 5:8, 5:10,
8:8
STENOGRAPHICA
LLY [1] - 2:13
step [1] - 8:15
still [1] - 20:20
stop [2] - 9:20, 10:23
streamline [1] -
13:13
Street [1] - 1:20
stretch [1] - 18:2
student [1] - 16:20
subject [29] - 4:7,
4:17, 4:23, 5:15, 5:18,
6:4, 6:22, 8:4, 11:21,
12:8, 12:10, 12:13,
13:6, 14:9, 14:21,
15:1, 15:24, 16:10,
16:22, 17:3, 20:21,
20:25, 21:10, 21:18,
22:25, 23:13, 24:10,
25:14, 27:9
submit [1] - 25:21
submitted [1] - 10:9
Subsection [1] -
9:10
substantial [1] - 10:1
substantive [2] -
13:7, 14:11
sufficiency [1] -
12:18
SUGAR [1] - 1:4
Sugar [2] - 3:2, 5:2
suing [1] - 17:19
suit [1] - 18:21
Suite [4] - 1:20, 1:24,
2:2, 2:8
support [2] - 10:24,
13:7
supported [1] -

16:15

**Supreme** [4] - 5:8, 12:22, 14:17, 18:13

**surely** [1] - 10:11

**SURGEON** [4] - 2:6, 3:19, 25:11, 26:6

**Surgeon** [2] - 3:20, 25:11

**Syarief** [1] - 3:10

**SYARIEF** [1] - 1:14

## T

**tactical** [1] - 19:6

**technological** [1] - 27:10

**TECHNOLOGY** [1] - 1:8

**Technology** [1] - 3:3

**telephone** [1] - 21:13

**TELEPHONIC** [1] - 1:10

**texting** [1] - 19:23

**THE** [31] - 1:11, 1:13, 3:12, 3:24, 4:1, 8:9, 8:13, 11:15, 11:25, 13:17, 14:8, 15:7, 16:1, 17:23, 19:22, 20:3, 20:16, 21:25, 22:6, 22:22, 23:8, 23:11, 23:17, 23:22, 24:4, 24:20, 25:3, 25:6, 25:10, 25:20, 25:25

**theory** [2] - 17:14, 17:18

**therefore** [1] - 27:9

**three** [6] - 5:7, 6:9, 7:13, 19:16, 20:7, 24:12

**timely** [2] - 18:21, 19:10

**Title** [1] - 9:10

**today** [16] - 12:15, 13:5, 13:25, 16:18, 22:4, 23:1, 24:1, 24:8, 24:11, 24:13, 24:15, 24:18, 24:23, 25:8, 26:2

**tomorrow** [2] - 24:8, 25:8

**tort** [16] - 8:24, 8:25, 9:1, 9:7, 9:16, 9:25, 10:2, 10:19, 11:3, 19:18, 19:19, 20:1, 20:8, 20:9, 20:10

**touch** [1] - 15:19

**transcription** [1] - 27:4

**transmitted** [1] -

10:8

**tried** [1] - 19:23

**trilogy** [2] - 12:21, 14:17

**trips** [1] - 18:23

**true** [1] - 10:7

**try** [2] - 11:9, 22:23

**trying** [4] - 13:18, 20:5, 20:6, 22:19

**turbans** [1] - 10:17

**turn** [3] - 4:14, 16:11, 17:7

**turned** [1] - 17:6

**two** [3] - 16:5, 18:22, 24:25

**two-year** [1] - 18:22

**type** [1] - 13:16

**types** [1] - 15:9

## U

**ultimate** [1] - 6:11

**ultimately** [2] - 9:24, 16:18

**unanimously** [1] - 7:1

**under** [9] - 8:20, 9:25, 12:3, 12:21, 13:11, 15:17, 17:18, 18:13, 20:8

**understood** [1] - 23:16

**UNITED** [2] - 1:1, 1:11

**united** [1] - 2:15

**United** [1] - 27:16

**unless** [1] - 23:1

**unlike** [1] - 13:3

**untimely** [1] - 19:5

**up** [6] - 9:8, 13:10, 13:14, 15:25, 21:14, 26:2

**urges** [1] - 20:15

**USA** [3] - 2:4, 3:21, 10:24

## V

**value** [1] - 11:5

**various** [1] - 15:5

**versus** [1] - 3:3

**vs** [1] - 1:6

## W

**wait** [1] - 10:10

**waiting** [1] - 18:21

**wants** [1] - 16:1

**warranted** [1] - 13:15

**Washington** [2] -

1:15, 3:8

**waste** [1] - 18:18

**website** [1] - 10:24

**week** [1] - 12:2

**weekend** [1] - 24:13

**weighty** [1] - 15:23

**whole** [1] - 22:12

**word** [1] - 5:19

**writing** [2] - 25:2, 25:7

**written** [1] - 24:24

**wrote** [1] - 15:15

## X

**XINJIAN** [1] - 1:7

**Xinjiang** [1] - 3:3

## Y

**year** [3] - 16:20, 18:22, 18:25

**years** [1] - 5:13

**yesterday** [1] - 15:12

**York** [5] - 1:18, 2:11, 3:23

**yourself** [1] - 8:4