UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-cv-22471-GAYLES/Otazo-Reyes

NORTH AMERICAN SUGAR INDUSTRIES,
INC.,

      Plaintiff,

v.

XINJIANG GOLDWIND SCIENCE &
TECHNOLOGY CO., LTD., GOLDWIND
INTERNATIONAL HOLDINGS (HK) LTD.,
DSV AIR & SEA INC., BBC CHARTERING
USA, LLC and BBC CHARTERING
SINGAPORE PTE LTD.,

      Defendants.

_____/

**DEFENDANT XINJIANG GOLDWIND SCIENCE & TECHNOLOGY CO. LTD.'S
RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ...................................................................................... ii

INTRODUCTION .................................................................................................1

BACKGROUND ...................................................................................................3

LEGAL STANDARD.............................................................................................5

ARGUMENT .......................................................................................................7

I.     THE COURT LACKS SPECIFIC JURISDICTION OVER GOLDWIND SCIENCE
UNDER § 48.193(1)(a), FLORIDA STATUTES ..............................................7

     A.     Goldwind Science has no business activity in Florida that is
related to Plaintiff's claims pursuant to § 48.193(1)(a)(1), Fla. Stat. .....................8

     B.     The alleged "trafficking" occurred in Cuba and therefore no tort
was committed in Florida under § 48.193(1)(a)(2), Fla. Stat. ...............................9

     C.     If the Court were to find that either §§ 48.193(1)(a)(1) or (2) apply, retaining
jurisdiction over Goldwind Science would violate due process principles ..........12

II.    THIS COURT LACKS GENERAL OR SPECIFIC JURISDICTION OVER
GOLDWIND SCIENCE UNDER FEDERAL RULE
OF CIVIL PROCEDURE 4(k)(2).....................................................................15

     A.     Goldwind Science does not have systematic and continuous contacts with
the U.S. to invoke general jurisdiction under Rule 4(k)(2)....................................16

     B.     Plaintiff cannot establish specific jurisdiction under Rule 4(k)(2)
for the same reason it cannot do so under Florida's long-arm statute ..................18

CONCLUSION.....................................................................................................18

CERTIFICATE OF SERVICE .................................................................................19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Borchers v. Amazon.com, Inc.*,
 2019 WL 5196117 (S.D. Fla. Jan. 30, 2019) .................................................................. 8

*Calder v. Jones*,
 465 U.S. 783 (1984) ...................................................................................................... 8, 14

*Consol. Dev. Corp. v. Sherritt, Inc.*,
 216 F.3d 1286 (11th Cir. 2000) ............................................................... 2, 5, 16, 17

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014) ................................................................................................. 2, 6

*Del Valle v. Trivago GmbH*,
 2020 WL 2733729 (S.D. Fla. May 26, 2020) .............................................*passim*

*Estate of Scutieri v. Chambers*,
 386 F. App'x 951 (11th Cir. 2010) ................................................................. 10

*Fast SRL v. Direct Connection Travel LLC*,
 2018 WL 7822711 (S.D. Fla. Aug. 3, 2018) ......................................................... 12

*Fraser v. Smith*,
 594 F.3d 842 (11th Cir. 2010) ....................................................................*passim*

*Future Tech. Today, Inc. v. OSF Healthcare Sys.*,
 218 F.3d 1247 (11th Cir. 2000) ........................................................... 2, 9, 18

*Keston v. FirstCollect, Inc.*,
 523 F. Supp. 2d 1348 (S.D. Fla. 2007) ........................................................ 10

*Kozial v. Bombardier-Rotax GmbH*,
 129 F. App'x 543 (11th Cir. 2005) when affirmed ................................................. 15

*Licciardello v. Lovelady*,
 544 F.3d 1280 (11th Cir. 2008) ......................................................................... 8

*Madara v. Hall*,
 916 F.2d 1510 (11th Cir. 1990) .......................................................... 2, 7, 8, 15

## <u>TABLE OF AUTHORITIES - Continued</u>

**Page(s)**

*Navitar, Inc. v. eScholar, LLC*,
  No. 11-CV-20266-PAS, 2011 WL 13223668  (S.D. Fla. July 7, 2011)............................14

*Oldfield v. Pueblo De Bahia Lora, S.A.*,
  558 F.3d 1210 (11th Cir. 2009) .................................................................. 6, 8, 14, 16

*PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*,
  598 F.3d 802 (11th Cir. 2010) ...................................................................... 11

*S.E.C. v. Carrillo*,
  115 F.3d 1540 (11th Cir. 1997) ...................................................................... 8, 14

*United Techs. Corp. v. Mazer*,
  556 F.3d 1260 (11th Cir. 2009) ...................................................................... 10, 11

*Vision Media TV Grp., LLC v. Forte*,
  724 F. Supp. 2d 1260 (S.D. Fla. 2010) ...................................................................14

*Walden v. Fiore*,
  571 U.S. 277 (2014) .............................................................................. 6, 15

*Williams Elec. Co., Inc. v. Honeywell, Inc.*,
  854 F.2d 389 (11th Cir. 1988) ...................................................................... 10, 12

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286, 297 (1980) ............................................................................. 6

## <u>Statutes</u>

22 U.S.C. § 6021 .................................................................................*passim*
§ 48.193(1)(a)(1), Fla. Stat. ......................................................................*passim*
§ 48.193(1)(a)(2), Fla. Stat. ......................................................................*passim*
§ 48.193(1)(a), Fla. Stat. ................................................................................ 7

## <u>Rules</u>

Fed. R. Civ. P. 12(b)(2)....................................................................................... 5
Fed. R. Civ. P. 4(k)(2)...........................................................................*passim*

## INTRODUCTION

An alleged brief refueling stop in Miami during a shipping vessel's 41-day voyage from China to Cuba cannot invoke this Court's jurisdiction over a party that neither commissioned the vessel nor has operations in the U.S.  The lack of a connection between Plaintiff's claims and this forum could hardly be more stark.  Indeed, Plaintiff specifically alleges that "***none*** of the windfarm farm equipment [at issue] ***was unloaded in Miami . . . while in Miami***" in relation to a renewable-energy project that is being undertaken not here but in Cuba.  Compl. ¶¶ 136, 199 (emphasis added).

Under these precise circumstances, however, Plaintiff North American Sugar Industries Inc. ("Plaintiff") – a New Jersey corporation with its principal place of business in New York and with ***no*** alleged connection to Florida or this District ***at all*** – alleges that the Court has personal jurisdiction over Defendant Xinjiang Goldwind Science & Technology Co. Ltd. ("Goldwind Science") for claims relating to alleged "trafficking" in Puerto Carupano, a Cuban port confiscated by the Cuban government between 1959 and 1960.  *See* Cuban Liberty and Democratic Solidarity (LIBERTAD) Act, 22 U.S.C. § 6021 *et seq.* ("Title III" or the "Act").  But Goldwind Science did not hire the vessel that briefly refueled in Miami and otherwise has no sufficient U.S. presence such as to allow it to be sued here.  Moreover, not only do Plaintiff's sparse allegations concerning personal jurisdiction over Goldwind Science lack a statutory basis, but haling Goldwind Science into this Court would offend due process principles and traditional notions of fair play and substantial justice.

***First***, Plaintiff's assertions of specific jurisdiction under the two provisions of Florida's long-arm statute on which Plaintiff relies fail for several reasons.  For one thing, establishing specific jurisdiction under Section 48.193(1)(a)(1) (the business activity prong) requires a direct

1

connection between the underlying cause of action and the defendant's alleged business activity in the forum, but here there is none. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.,* 218 F.3d 1247, 1249 (11th Cir. 2000). For its part, Section 48.193(1)(a)(2) (the tortious activity prong) similarly requires the alleged tort to have a nexus to the jurisdiction. *Del Valle v. Trivago GmbH,* No. 19-22619-CIV, 2020 WL 2733729, at *3 (S.D. Fla. May 26, 2020). No such nexus is plausibly established here – nor could it be, as the alleged trafficking occurred in ***Cuba*** and the alleged injury was incurred in ***New Jersey*** or ***New York***, where Plaintiff is incorporated and does business. Compl. ¶ 19. Moreover, Plaintiff's common-law conspiracy claim does not alter this conclusion because the conspiracy claim is barred by the Act, and thus cannot support jurisdiction, and in any event no essential aspect of the alleged conspiracy occurred ***in*** Florida. Finally, even if either Section 48.193(1)(a)(1) or (2) were satisfied (which they are not), the Court's exercise of jurisdiction would also need to comport with due process and "traditional notions of fair play and substantial justice." *Madara v. Hall*, 916 F.2d 1510, 1515-16 (11th Cir. 1990) (internal quotation marks and citation omitted). Here, Plaintiff's Complaint, and the facts, fail to meet this constitutional barrier.

***Second***, Goldwind Science does not have sufficient contacts with the broader U.S. to support general jurisdiction under Rule 4(k)(2). Because Plaintiff's cause of action stems from property located (and confiscated) in Cuba, Plaintiff must establish general, not specific, jurisdiction over Goldwind Science under this Rule. *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). Finding general jurisdiction under Rule 4(k)(2) is a stringent standard that cannot be met unless the defendant has such pervasive contacts with the U.S. that the defendant is essentially "at home" here. *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014). Goldwind Science does not have sufficient contact with the U.S. to support any such finding.

For these reasons, the Court does not have personal jurisdiction over Goldwind Science and this Motion should be granted.

**BACKGROUND**

Plaintiff, through a number of subsidiary companies, allegedly once owned various real and personal property as well as a variety of intangible assets in Cuba "relating to the production, refining, and transportation of raw sugar."  Compl. ¶¶ 19, 64; *id.* at Ex. 1, at 2.  Plaintiff alleges that in 1960 the Castro regime confiscated these various related companies and their properties and assets located across the island nation (the "Confiscated Property").  *Id.* ¶ 3.  One of the dozens of assets the Cuban government allegedly confiscated was Puerto Carupano (referred to in the Complaint as the "Confiscated Port"), a commercial shipping port located in Cuba.  *Id.* ¶¶ 65–66. According to the Complaint, "[a] host of Cuban state-owned entities" are currently "involved in the planning, construction, and implementation" of "one of Cuba's largest ongoing public works projects," known as the "Herradura Wind Farm Project."  Compl. ¶¶ 82, 86.  Plaintiff alleges that Goldwind Science, along with others, trafficked in the Confiscated Port in violation of the Act by "coordinat[ing] at least two separate voyages that delivered and unloaded equipment [from China] . . . , by way of Florida, for use in the Herradura Wind Farm Project."  *Id.* ¶¶ 103, 198–203.  Plaintiff further alleges that Goldwind Science manufactured the equipment that was shipped to Puerto Carupano during only ***one*** of those two voyages – that made via the BBC Moonstone.  *See id.* ¶¶ 116-32.

Regarding the BBC Moonstone (and the other vessel, the BBC Jade) delivering the equipment to Puerto Carupano "by way of Florida," Plaintiff alleges merely that the BBC Moonstone arrived at and departed from the Port of Miami on the same day.  *Id.* ¶¶ 135, 138.  *Id.* ¶¶ 170, 173.  Plaintiff also alleges that several days after leaving the Port of Miami, the vessel

3

"stopped at [Puerto Carupano] in Cuba to unload the wind farm equipment" destined for the Herradura Wind Farm Project.  *Id.* ¶¶ 143, 177

Plaintiff alleges that the shipping documents presented to the U.S. authorities were central to routing BBC Moonstone through Miami, and that such shipping documents were allegedly false as to the equipment's ultimate destination (identifying Miami and the Miami Seaport as, respectively, the shipment's destination and port of unlading).  *See id.* ¶¶ 116-122.  Tellingly, none of these shipping documents are attached to the Complaint.  In addition, Plaintiff alleges that BBC Chartering purportedly determined the shipping route taken by the BBC Moonstone in coordination with Goldwind Science, Energoimport, and other relevant shippers, carriers, and consignees.  *Id.* ¶¶ 113-15.

Plaintiff acknowledges that Goldwind Science is a foreign corporation organized under the laws of the People's Republic of China and that none of the equipment at issue was unloaded in Miami – or even in the United States at all.  *See id.* ¶¶ 20-21, 136, 137.  In reality, Goldwind Science does not operate in Florida or the broader U.S.  *See* Declaration of Z. Yeheng ("Decl.") ¶¶ 3, 8-11, attached as Exhibit "A."  Goldwind Science also:

- is not a party to any contract(s) with Vessel Operating Common Carriers, including BBC Chartering USA, LLC or BBC Chartering Singapore PTE LTD, regarding the Herradura Wind Farm Project;

- is not a party to any contract(s) with Non-Vessel Operating Common Carriers, including DSV Air & Sea Inc., regarding the Herradura Wind Farm Project;

- is not registered to business in Florida, has no offices, warehouses, plants, or registered agent in Florida;

- does not sell or manufacture any of its products in Florida;

- has not commissioned any of its products in Florida;

- has no operations in the broader U.S. and is not registered to do business in any state in the U.S.;

- does not maintain a phone number or mailing address in the U.S.;

- has no bank account(s) in the U.S.;

- does not have any direct U.S. affiliates or subsidiaries;

- does not own or lease any real property in the United States; and

- other than this lawsuit, has never been a party, either as a plaintiff or a defendant, in any lawsuit in the United States.

*See id.* ¶¶ 5-15.  Based on these facts, this Court does not have personal jurisdiction over Goldwind Science.

## **LEGAL STANDARD**

A defendant must be dismissed from an action if the court lacks personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  To withstand a motion to dismiss for lack personal jurisdiction, the plaintiff must plead a *prima facie* case of jurisdiction over a nonresident defendant.  *See Sherritt*, 216 F.3d at 1292 (holding that district court lacked personal jurisdiction over a foreign defendant where "the cause of action involve[d] properties in Cuba, which were expropriated by the Cuban government").  Moreover, in assessing personal jurisdiction, the Court should not accept a plaintiff's allegations to the extent those allegations are controverted by the defendant's affidavits. *See id.*  If the defendant can refute personal jurisdiction through affidavits or other competent evidence, the burden shifts to the plaintiff to substantiate its jurisdictional allegations through affidavits, testimony, or other competent evidence of its own.  *Id.*

Personal jurisdiction is specific or general.  Specific jurisdiction – or "case-linked" jurisdiction – "depends on an affiliation between the forum and the underlying controversy (*i.e.,* an activity or occurrence that takes place in the forum State and is therefore subject to the State's

regulation)." *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014).  The minimum contacts necessary for specific jurisdiction are grounded in fairness and assure that "the defendant's conduct and connection with the forum State [is] such that [it] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (holding that Oklahoma court did not have personal jurisdiction over automobile manufacturer in a products liability suit stemming from an accident in Oklahoma because the manufacturer did not carry out any business activity in Oklahoma and the vehicle was bought in New York by New York residents).  An essential element of specific jurisdiction is "that plaintiff's claim must arise out of or relate to at least one of defendant's contacts with the forum." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222 (11th Cir. 2009) (finding that the lower court lacked specific jurisdiction over foreign defendant because the defendant's contacts with the U.S. were not sufficiently related to the plaintiff's negligence claim) (internal quotation marks and citation omitted).

General jurisdiction – or "all purpose" jurisdiction – "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit." *Walden*, 571 U.S. at 283 n.6.  To support general jurisdiction, a defendant's contacts must be "so continuous and systematic as to render [the defendant] essentially at home in in the forum state." *Daimler*, 571 U.S. at 138 (holding that California court did not have general jurisdiction over German company based on cause of action stemming from the company's subsidiaries' conduct in Argentina because the company did not have sufficient contact with the forum) (internal quotation marks and citation omitted); *see also Fraser v. Smith*, 594 F.3d 842, 849 (11th Cir. 2010) (a court's exercise of "general personal jurisdiction . . . requires a showing of continuous and systematic contacts between the defendant and the relevant forum").

## ARGUMENT

This Court does not have personal jurisdiction over Goldwind Science because (a) Section 48.193(1)(a), Fla. Stat.,[1] is not satisfied and, even if it was, asserting jurisdiction over Goldwind Science would violate due process principles, and (b) Rule 4(k)(2) is likewise not satisfied because Goldwind Science does not have sufficient contacts with the forum to invoke jurisdiction.

**I.      THE COURT LACKS SPECIFIC JURISDICTION OVER GOLDWIND SCIENCE UNDER SECTION 48.193(1)(a), FLORIDA STATUTES**

Florida's long-arm statute does not provide this Court with personal jurisdiction over Goldwind Science.  Determining whether the court has "personal jurisdiction over a nonresident defendant requires a two-part analysis."  *Madara*, 916 F.2d at 1514.  The first inquiry requires the court to determine whether the long-arm statute is satisfied.  *Id*.  The second inquiry requires that, if the long-arm statute is satisfied, the court analyze "whether the exercise of jurisdiction over the defendant comports with the Constitution's requirements of due process and traditional notions of fair play and substantial justice."  *Madara*, 916 F.2d at 1514.

The second inquiry is a two-pronged test within itself, involving both "due process" as well as "fair play and substantial justice."  *Id.* at 1516.  Due process requires that a defendant has "minimum contacts" with a forum such that there is "fair warning that a particular activity may subject [the defendant] to the jurisdiction of a foreign sovereign."  *Id.*  This is satisfied only if the "defendant has purposefully directed . . . activities at the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities."  *Id.*  The three criteria of minimum contacts are:  (1) the contacts must relate to the plaintiff's cause of action; (2) the contacts must show the defendant's purposeful availment to the forum; and (3) the contacts must be of such

---

[1]      Plaintiff does not allege general jurisdiction under Florida's long-arm statute over Goldwind Science.

character that the defendant should reasonably anticipate being haled to court in the forum. *See S.E.C. v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997).

Moreover, in the context of intentional torts, the "*Calder*" effects test provides that personal jurisdiction exists only if (1) the defendant committed an intentional act, (2) directly aimed at the forum state, and (3) that caused harm that the defendant should have anticipated would be incurred in the forum state. *See Oldfield*, 558 F.3d at 1220 n.28 (citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)); *see also Licciardello v. Lovelady*, 544 F.3d 1280, 1286 (11th Cir. 2008).

If the due process prong is met, then the fair play and substantial justice inquiry requires the court review factors such as "the burden on the defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the states in furthering fundamental substantive social policies." *Madara*, 916 F.2d at 1517.

A.    Goldwind Science has no business activity in Florida that
        is related to Plaintiff's claims pursuant to Section 48.193(1)(a)(1)

Section 48.193(1)(a)(1) requires Plaintiff to demonstrate that Goldwind Science has "operat[ed], conduct[ed], engag[ed] in, or carri[ed] on a business" in the state of Florida. That section also requires that the defendant's business activity be sufficiently ***connected*** to the plaintiff's cause of action and confers a pecuniary benefit to the defendant. *See, e.g., Borchers v. Amazon.com, Inc.*, No. 18-cv-61537, 2019 WL 5196117, at *3 (S.D. Fla. Jan. 30, 2019) ("For this provision to apply, there must be a direct affiliation, nexus, or substantial connection between the basis for the cause of action and the business activity.").

Here, Goldwind Science engaged in no business activity in Florida that is sufficiently connected to Plaintiff's causes of action. Goldwind Science is an entity organized under the laws

of the People's Republic of China.  Decl. ¶¶ 2-3.  Goldwind Science does not have an office, bank account, or registered agent, and is neither licensed to do business in the State nor has any other connection to this forum whatsoever.   In *Future Technology Today, Inc. v. OSF Healthcare Systems*, the Eleventh Circuit found that the district court did not have personal jurisdiction over an Illinois-based company that managed various healthcare facilities in the Midwest in a breach of contract action filed by a Florida-based software company.  218 F.3d at 1249.  Specifically, the court held that it could not "find support for plaintiff's allegation that defendant falls within Florida's long-arm jurisdiction statute under the provision dealing with the operation of a business in Florida" because the "[d]efendant's business [was] running healthcare facilities in the Midwest, not contracting with computer companies in order to obtain remediation services for its computer information systems."  *Id*.  Similarly, Goldwind Science is a windfarm technology manufacturer based in China that sells its equipment to end users around the world.  Its primary business is not to contract with Vessel Operating Common Carriers, Non-Vessel Operating Common Carriers, or port agents that ship equipment through Florida, or any other port for that matter.   Indeed, Goldwind Science's relationship to Florida is so lacking in that it has not sold or commissioned any of its windfarm equipment in Florida to date.  *See* Decl. ¶¶ 8-9.  In sum, Plaintiff has not pled and cannot establish a "direct affiliation, nexus, or substantial connection between the basis for [Plaintiff's] cause of action" to any of Goldwind Science's "business activity" in Florida.  *Del Valle*, 2020 WL 2733729, at *2; *see also Future Tech.*, 218 F.3d at 1249.

      B.      The alleged "trafficking" occurred in Cuba and therefore
                  <u>no tort was committed in Florida under Section 48.193(1)(a)(2)</u>

Plaintiff's efforts under Section 48.193(1)(a)(2) fare no better.  Establishing personal jurisdiction under that provision similarly requires the alleged tortious activity to have a nexus to

Florida.[2]  In *Del Valle v. Trivago GmbH*, the plaintiffs filed a Helms Burton Act complaint against online booking companies for renting hotel rooms to tourists on plaintiffs alleged property in Cuba that was confiscated by the Cuban government.  2020 WL 2733729, at *2.  The plaintiffs asserted personal jurisdiction over the online booking companies on various grounds, including Section 48.193(1)(a)(2).  *See id.*  Rejecting the plaintiffs' argument under this provision, the Court noted that "the [p]laintiffs bring a Helms Burton claim, alleging that the [d]efendants trafficked in their confiscated property, which occurred in Cuba," meaning that the allegedly tortious activity took place in Cuba, ***not*** Florida.  *Id.* at *3; *see United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1282 (11th Cir. 2009) (declining personal jurisdiction over defendant where plaintiff "alleged nothing that clearly connected [defendant] to a conspiracy made or carried out in Florida."); *see also Williams Elec. Co., Inc. v. Honeywell, Inc.*, 854 F.2d 389, 394 (11th Cir. 1988) (holding that Section 48.193(1)(a)(2) requires that the defendant must have "committed a substantial aspect of the alleged tort in Florida . . . [that] [is] essential to the success of the tort."); *Keston v. FirstCollect, Inc.*, 523 F. Supp. 2d 1348, 1353 (S.D. Fla. 2007) (same).

Here, Plaintiff's claim that Section 48.193(1)(a)(2) provides a basis for personal jurisdiction over Goldwind Science fails under the weight of *Mazer* and *Del Valle* (among numerous other authorities).  Plaintiff's cause of action relies almost entirely on conduct that pertains to Cuba.  The Complaint itself recognizes how little Plaintiff's claims have to do with Florida or the U.S.  Specifically, the Complaint alleges that "[t]he contract with Energoimport was to supply wind turbines and related equipment to the Herradura Wind Farm Project," and that

---

[2]      Plaintiff does not allege that it suffered an injury in Florida from Goldwind Science's (or any other Defendants') out-of-state conduct.  Compl. ¶ 15.  Nor could Plaintiff, which is a New Jersey corporation with its principal place of business in New York, do so.  Compl. ¶ 19; *see also Estate of Scutieri v. Chambers*, 386 F. App'x 951, 956 (11th Cir. 2010) (concluding that the long-arm statute was not satisfied where plaintiff did not suffer the alleged injury in Florida).

Goldwind Science "knew or had reason to know that" of the project's "***importance in the Cuban economy***." Compl. ¶ 199 (emphasis added); *see also id.* ¶¶ 200-05. Plaintiff even asserts that before Puerto Carupano was expropriated, it was "critical to [Plaintiff's] business ***operations in Cuba and abroad***." *Id.* ¶ 67 (emphasis added). Plaintiff also recognizes that no cargo was unloaded in Florida. *Id.* ¶ 136. Therefore, just like the plaintiffs in *Del Valle*, Plaintiff "bring[s] a Helms Burton claim, alleging that the [Goldwind Science] trafficked in [its] confiscated property, which occurred in Cuba." 2020 WL 2733729, at **2-3. And, just as those circumstances were insufficient to establish in *Del Valle* that a tort had been committed in Florida sufficient to confer personal jurisdiction over the foreign defendant, so, too, are they here.

To the extent that Plaintiff relies on the alleged conspiracy for support for jurisdiction, this position fails several times over. As an initial measure, Goldwind Science did not determine the routes for either shipment, *see* Decl., ¶¶ 5-6, which defeats Plaintiff's allegations to the contrary. *See Mazer*, 556 F.3d at 1277 (confirming that factual denials of complaint's jurisdictional allegations shifted burden back to plaintiff). In addition, as noted in the remaining Defendants' separately filed omnibus Motions to Dismiss (which Goldwind Science has joined in full), the Act's election of remedies provision precludes pursuing both Title III and common law damages for the same alleged conduct, so the conspiracy claim is not viable to begin with and cannot support a finding of personal jurisdiction. *See PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 808 (11th Cir. 2010) ("[B]efore a court addresses . . . specific jurisdiction exists under the long-arm statute, the court must determine whether the allegations of the complaint state a cause of action."). Finally, in all events, there is no "substantial aspect" of the alleged conspiracy that occurred in Florida and that was "essential to the success of the tort." *Williams*, 854 F.2d at 394. In fact, Plaintiff alleged that the ***same*** "trafficking" in its Confiscated Property occurred on

various occasions ***without*** a stop in Miami.  Compl. ¶¶ 184-88.  Plaintiff thus pleads itself into a

conclusion that the refueling stop (where allegedly inaccurate shipping documents were presented)

was ***not*** essential to the alleged trafficking in the Confiscated Port that forms the heart of this case.

*Williams*, 854 F.2d at 394.[3]  Accordingly, Plaintiff cannot satisfy the first jurisdictional inquiry

and the Court should "decline[] to find that the it has jurisdiction under this subsection." *Del Valle*,

2020 WL 2733729, at *3.

> C.     If the Court were to find that either Section 48.193(1)(a)(1) or (2) apply,
>        <u>finding jurisdiction over Goldwind Science would violate due process principles.</u>

Even if the Court found that the first inquiry under specific jurisdiction were met, which it

should not, the second inquiry would still fail because retaining jurisdiction over Goldwind

Science would violate its due process rights.  Plaintiff alleges that Goldwind Science was aware

that BBC Moonstone would make a refueling stop in Miami on its way to Cuba.  *See* Compl. ¶¶

198-203.  Plaintiff then alleges that DSV or BBC, not Goldwind Science, submitted the cargo

declaration to the U.S. Customs and Border Protection.  *See id.* ¶¶ 96-98, 109, 116-32.

None of the activity allegedly occurring in this forum, however, is related to Plaintiff's

cause of action.  Goldwind Science should not be forced to litigate further in this forum based on

Plaintiff's allegations because the minimum contacts requirement "assures that a defendant will

not be haled into a jurisdiction as a result of . . . random, fortuitous, or attenuated contacts . . .  or

because of the unilateral activity of a third person."  *Id.*  The refueling stop in Miami is too

attenuated to the alleged trafficking, and DSV's or BBC's alleged submission to U.S. Customs

---

[3]     In all events, a single instance of alleged conspiratorial conduct would still be insufficient
to establish jurisdiction.  *Fast SRL v. Direct Connection Travel LLC*, No. 17-20900-CIV, 2018
WL 7822711 (S.D. Fla. Aug. 3, 2018) (granting motion to dismiss for lack of personal jurisdiction
when defendant's activity was limited to a single transaction arranged through Florida-based
intermediary).

was a unilateral act by a party other than Goldwind Science.  Plaintiff's own illustration highlights how attenuated the fueling stop was to the voyage: of the 41 days that BBC Moonstone traveled from Tianjin, China to Puerto Carupano, Cuba, it stopped in Miami, Florida for only one day[4] and did not unload any cargo while here:



BBC Moonstone Voyage

| | Port of Call | Date(s) | Action Taken |
|---|---|---|---|
| 1 | Tianjin, China | Dec. 25, 2018 (Departure) | Loaded Goldwind Equipment and Moonstone Equipment |
| 2 | Panama Canal | Jan. 26, 2019 (Arrival and Departure) | Passage |
| 3 | Miami, Florida | Jan. 30, 2019 (Arrival and Departure) | Refueled and resupplied |
| 4 | Puerto Carupano, Cuba (the Confiscated Port) | Feb. 4, 2019 (Arrival) – Feb. 7, 2019 (Departure) | Unloaded Goldwind Equipment and Moonstone Equipment |
| 5 | Port Arthur, Texas | Feb. 10, 2019 (Arrival) | Unloaded BBC Equipment (which had been loaded prior to Tianjin) |

As the U.S. Supreme Court established decades ago, Plaintiff cannot "seek to base jurisdiction on one, isolated occurrence" stemming from "the . . . circumstance that a single [voyage]" allegedly caused the harm "[Plaintiff] happened to suffer while [BBC Moonstone was] passing through" Miami.  *Woodson*, 444 U.S. at 295.  Moreover, the attenuated nature of the alleged refueling stop in Miami is even more apparent based on Plaintiff's allegations that Goldwind Science purportedly caused the same injury related to the same windfarm project ***without*** passing through Miami.  *See* Compl. ¶¶ 184-88.  Therefore, none of three prongs of the minimum contacts inquiry can be met. *Carrillo*, 115 F.3d at 1542.

The same holds true under the *Calder* "effects" test for intentional torts.  Here, Plaintiff alleges an intentionally tortious act, not "untargeted negligence."  *Calder*, 465 U.S. at 789.  But

---

[4]    The stop indeed was shorter than a full day as Plaintiff even recognizes that the BBC Moonstone refueled and then ***immediately*** proceeded to Cuba.  Compl. ¶ 137.

no conduct was directly aimed at Florida – the Herradura Windfarm Project, like the Confiscated Port in which Goldwind Science allegedly trafficked, is in Cuba, and no equipment was unloaded here.  *See Vision Media TV Grp., LLC v. Forte*, 724 F. Supp. 2d 1260, 1266 (S.D. Fla. 2010) (applying the effects test in holding that the court lacked personal jurisdiction over defendants because there was no evidence that their conduct targeted or was otherwise aimed at Florida).  In fact, Plaintiff is not even a resident of Florida – it is instead a resident of New Jersey and New York and does not allege to conduct business here.  *Navitar, Inc. v. eScholar, LLC*, No. 11-CV-20266-PAS, 2011 WL 13223668, at *3 (S.D. Fla. July 7, 2011) (granting motion to dismiss for lack of personal jurisdiction because "[p]laintiff . . . [was] a New York corporation . . . and it[s] . . . damages, if any, were suffered anywhere it conducts business.").  Accordingly, there are no allegations or evidence that "Plaintiff will be damaged anymore in Florida than in New York [or New Jersey] . . . Thus, there is no evidence that [Goldwind Science] . . . should have anticipated that it would cause harm in Florida."  *Id.*

In addition to violating due process principles, exercising jurisdiction over Goldwind Science would offend traditional notions of fair play and substantial justice.  A "primary concern of the fairness test is the burden placed on . . . international defendants[.]  [C]ourts should consider the unique burdens placed upon one who must defend oneself in a foreign legal system."  *Oldfield*, 558 F.3d at 1221 (internal quotation marks and citation omitted).  Goldwind Science is not registered to do business in Florida and has no offices or registered agents in the State.  Decl. ¶ 10.  It would be unreasonably burdensome for Goldwind Science, an entity based in the People's Republic of China, to litigate an action in Florida.  Moreover, this Court hardly has any interest in adjudicating this dispute as to Goldwind Science because it is not registered to do, and does not conduct, business in this State.  *Madara*, 916 F.2d at 1517.  Indeed, the Eleventh Circuit addressed

14

this issue in *Kozial v. Bombardier-Rotax GmbH*, 129 F. App'x 543, 547 (11th Cir. 2005), when it affirmed the district court's dismissal of action against a foreign defendant for lack of personal jurisdiction.  The same reasoning in *Kozial* applies here:

> Florida has little interest in providing a forum simply because the product passed through Florida on its way to [Cuba]. The only contact the subject [equipment] had with Florida is that a Florida corporation [refueled the] shipment in Florida [before] delivery to . . . a [Cuban] purchaser.

*Id.* at 547.  Moreover, the windfarm project at issue pertains to the Cuban, not Florida's, economy. *See supra* at 15; *id.* ¶ 112 (recognizing that shipment of equipment "originated from the Far East . . . destined for a location in the Caribbean.").  Thus, there is no "case-linked" jurisdiction over Goldwind Science in this action, and it would offend notions of fairness and due process to hale Goldwind Science into this Court.  *Walden*, 571 U.S. at 283 n.6.

## II.   THIS COURT LACKS GENERAL OR SPECIFIC JURISDICTION OVER GOLDWIND SCIENCE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(k)(2)

Plaintiff alternatively alleges that Goldwind Science is subject to personal jurisdiction under Rule 4(k)(2).  That rule provides that "[f]or a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if . . . the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and . . . exercising jurisdiction is consistent with the United States Constitution and laws."  *Id.*  This analysis is broken down into two conditions that must be met: (1) plaintiff's claims must arise under federal law; and, (2) the exercise of jurisdiction must be consistent with the Constitution and laws of the United States.  *Fraser*, 594 F.3d at 848.

A.    Goldwind Science does not have systematic and continuous contacts
      with the U.S. to invoke general jurisdiction under Rule 4(k)(2)

A plaintiff must satisfy Rule 4(k)(2)'s test for general jurisdiction if the plaintiff's claim

pertains to property that is outside the U.S.  In *Consolidated Development Corporation v. Sherritt,*

*Inc.*, a subsidiary of a U.S. corporation which held oil concessions and leases that were

expropriated by the Cuban government sued two Canadian corporations and their affiliates for

damages under the Sovereign Immunities Act of 1976.  216 F.3d 1286.  Holding that the lower

court lacked personal jurisdiction over the Canadian corporation, the Eleventh Circuit recognized

that

> [a]lthough Appellants strenuously argue that we need only find the
> minimum contacts required for specific jurisdiction, . . . ***[t]he***
> ***allegations in this complaint do not arise out of any contacts the***
> ***Canadian defendants have with the United States. Rather, the***
> ***cause of action involves properties in Cuba, which were***
> ***expropriated by the Cuban government*** . . . Thus, we must find the
> basis of the district court's exercise of personal jurisdiction, if any,
> under the stricter standard of general jurisdiction . . . ."

*Id.* at 1292 (emphasis added).  All in all, under Rule 4(k)(2) "[t]he due process requirements for

general personal jurisdiction are more stringent than for specific personal jurisdiction, and require

a showing of continuous and systematic general business contacts between the defendant and the

forum state."  *Sherritt*, 216 F.3d at 1292.  In other words, "[a] party's contacts with the forum ***that***

***are unrelated to the litigation must be pervasive*** in order to support the exercise of personal

jurisdiction under Rule 4(k)(2)," *Fraser*, 594 F.3d at 850 (emphasis added; internal quotation

marks and citation omitted), and even under this analysis, even those "contacts with the forum

must relate to the plaintiff's cause of action or have given rise to it."  *Oldfield*, 558 F.3d 1220.

Here, Plaintiff does not (and cannot) satisfy the high burden of establishing general

jurisdiction under Rule 4(k)(2) because asserting personal jurisdiction over Goldwind Science does

not comport with constitutional due process principles. *See Sherritt*, 216 F.3d at 1292. Goldwind Science does not have pervasive contacts in the U.S. – either unrelated *or* related to this litigation. Goldwind Science is not registered to do business in any state in the broader U.S. and has no operations that are linked to the cause of action at hand. *See* Decl. ¶ 11. This is evidenced by the fact that it has no bank accounts, phone numbers, or mailing addresses in the U.S. *Id.* ¶¶ 12 and 13.[5] Plaintiff's allegation that "Goldwind Science . . . is reported as the shipper for about six shipments, and the consignee (*i.e.*, recipient) for one shipment, for goods unloaded at U.S. ports within the last three years," Compl. ¶ 20, does not impact this analysis. Plaintiff does not account for who paid Goldwind Science for its services, where in the U.S. the shipments were delivered, or when any of the shipments were made. Six shipments over a span of three years (roughly two shipments a year) is at best "intermittent," and is not nearly pervasive enough to support a finding for all purpose jurisdiction. *See Fraser*, 594 F.3d at 850 ("When a defendant's contacts with the United States are . . . intermittent . . . , the exercise of nationwide general jurisdiction over that defendant would 'offend traditional notions of fair play and substantial justice.'").

Therefore, concluding that Goldwind Science is "amenable to suit *everywhere* in the United States on any claim arising under federal law" would violate due process principles because Goldwind Science does not continuous and systematic with the forum. *Fraser*, 594 F.3d at 850 (emphasis added).

---

[5]    Plaintiff also cannot argue that Goldwind Science's personnel's travel to the U.S. supports personal jurisdiction under Rule 4(k)(2). The *Fraser* court rejected this argument, despite the owners of a foreign entity frequently traveling to the U.S. for business and pleasure, in addition to one of its owners having a U.S. passport. *See id.*, 594 F.3d at 845.

B.    Plaintiff cannot establish specific jurisdiction under Rule 4(k)(2)
      for the same reason it cannot do so under Florida's long-arm statute

Finally, even if Plaintiff were required only to establish specific as opposed to general jurisdiction under Rule 4(k)(2), Plaintiff still would fail.  Although specific jurisdiction under Rule 4(k)(2) is less stringent, it still requires activity that is related to a plaintiff's underlying cause of action.  Due process under Rule 4(k)(2) for specific jurisdiction requires that (1) "the defendant must have contacts related to or giving rise to the plaintiff's cause of action," (2) "the defendant must, through those contacts, have purposefully availed itself of forum benefits," and (3) "the defendant's contacts with the forum must be such that it could reasonably anticipate being haled into court there."  *Fraser*, 594 F.3d at 850.

If the Court entertains a specific jurisdiction argument under Rule 4(k)(2), the argument should be rejected for the same reasons that jurisdiction fails under Florida's long-arm statute.  *See supra* at I.  This is because "to the extent the [Plaintiff] rel[ies] on the same Florida contacts [it] alleged to support . . .  jurisdiction under Florida's long-arm statute, [the] analysis is the same [under Rule 4(k)(2)."  *Fraser*, 594 F.3d at 849.  And to the extent Plaintiff relies on Goldwind Science's alleged broader contacts with the U.S., Plaintiff again strikes out at the first of the three factors of specific jurisdiction under Rule 4(k)(2):  Goldwind Science has no contacts with the U.S. that are related to Plaintiff's cause of action, and Plaintiff's claims stem from property that was allegedly trafficked not here but in Cuba.  *See Future Tech.*, 218 F.3d at 1249; *Del Valle*, 2020 WL 2733729, at *3.   Goldwind Science would have no reason to anticipate being brought into this Court under these circumstances.

## CONCLUSION

For the foregoing reasons, the Court should enter an Order granting this Motion and dismissing the Complaint as to Goldwind Science for lack of personal jurisdiction.

18

Dated: June 4, 2021

Respectfully submitted,

HOGAN LOVELLS US LLP
600 Brickell Avenue
Suite 2700
Miami, Florida  33131
Telephone:     (305) 459-6500
Facsimile:      (305) 459-6550


By: */s/ Allen P. Pegg*
     Allen P. Pegg
     Fla. Bar No. 597821
     Allen.pegg@hoganlovells.com
     Richard C. Lorenzo
     Fla. Bar No. 071412
     richard.lorenzo@hoganlovells.com
     Reginald Cuyler Jr.
     Fla. Bar No. 114062
     reginald.cuyler@hoganlovells.com

     *Counsel for Xinjiang Goldwind Science &*
     *Technology Co. Ltd.*


## CERTIFICATE OF SERIVCE

I hereby certify that on June 4, 2021, the foregoing was filed with the Clerk of Court using

CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record.


By: */s/  Allen P. Pegg*
     Allen P. Pegg

19