### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 20-cv-22471-GAYLES/OTAZO-REYES

**NORTH AMERICAN SUGAR INDUSTRIES INC.,**

      **Plaintiff,**

**v.**

**XINJIANG GOLDWIND SCIENCE &
TECHNOLOGY CO., LTD., et al.,**

      **Defendants.**

_____/

### ORDER

**THIS CAUSE** comes before the Court on Defendant BBC Chartering USA, LLC's ("BBC USA") Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction [ECF No. 197], Defendant BBC Chartering Singapore PTE Ltd.'s (BBC Singapore") Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction [ECF No. 198], Defendant DSV Air & Sea Inc.'s ("DSV US") Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction [ECF No. 201], and Defendants Xinjiang Goldwind Science & Technology Co., Ltd. ("Goldwind Science") and Goldwind International Holdings (HK) Ltd.'s ("Goldwind International") (Goldwind Science and Goldwind International, together, "Goldwind Defendants") Motion to Dismiss the Amended Complaint for Lack of Personal Jurisdiction [ECF No. 202] (collectively the "Motions"). The Motions were referred to Magistrate Judge Alicia M. Otazo-Reyes, pursuant to 28 U.S.C. § 636(b)(1)(B), for a Report and Recommendation. [ECF No. 251]. Judge Otazo-Reyes held a hearing on the Motions on June 21, 2022, and on August 30, 2022, she issued her report recommending that the Motions be granted (the "Report"). [ECF No. 277]. Plaintiff North

1

American Sugar Industries, Inc. timely objected to the Report, [ECF No. 282], and Defendants filed a collective response to the Objections. [ECF No. 292].

## BACKGROUND[1]

This action is one of several that United States nationals, including Plaintiff, filed following the Trump Administration's activation of Title III of the Cuban Liberty and Democratic Solidarity Act of 1996, 22 U.S.C. § 6021, *et seq.* (the "Act"). In each of these actions, the plaintiffs seek compensation under the Act from defendants who have profited from using property in Cuba that plaintiffs owned before the Cuban revolution.

Plaintiff's property in Cuba (the "Confiscated Property") includes the commercial shipping port, Puerto Carupano. Plaintiff alleges that Defendants trafficked in the Confiscated Property in violation of the Act. In particular, Plaintiff claims that Defendants conspired to transport wind turbine blades from Tianjin, China to Carupano, Cuba for use in a wind farm project (the "Project").

As fully detailed in the Report, the parties' roles in the alleged trafficking scheme are as follows. Goldwind Science contracted with Empresa Importadora-Exportadora de Objectivos Electro-Energeticos ("Energoimport") to supply the blades for the Project. [2] Goldwind International facilitated transport of the blades from China to Cuba aboard two vessels, the *Jade* and the *Moonstone*. BBC Singapore chartered the vessels pursuant to a chartering agreement with DSV US's affiliate, non-party DSV Air & Sea. DSV US provided transportation and logistical services to facilitate the *Jade* and *Moonstone* voyages. BBC USA assisted with logistical and

---

[1] The Court incorporates the Report's Procedural and Factual Background. [ECF No. 277].

[2] As detailed in Plaintiff's Objections, Goldwind International, acting as Goldwind Science's agent, obtained the blades from the foreign subsidiary of an American Company ("LM"). [ECF No. 282, p. 6]. As a result, the blades were deemed an American product and "under trade laws other than Helms-Burton" had to be delivered through a U.S. port before delivery in Cuba. *Id.*

compliance issues for the vessels' one-day stops at the Port of Miami. When the vessels arrived in Cuba, the blades were unloaded at Puerto Carupano without Plaintiff's authorization.

Following jurisdictional discovery, a hearing on the Motions, and post-hearing briefing, Judge Otazo-Reyes issued her Report. [ECF No. 277]. The Report made the following findings:

1.    The Court does not have personal jurisdiction over DSV US pursuant to Florida Statute § 48.193(1)(a)(1)—the long-arm statute's business activity prong—because Plaintiff's claims do not arise from DSV US's Florida-based business operations;

2.    The Court does not have personal jurisdiction over any Defendant pursuant to Florida Statute § 48.193(1)(a)(2)—the long-arm statute's tortious act prong—because (a) the place of the alleged injury is not in Florida and (b) a substantial aspect of the alleged tort was not committed in Florida;

3.    Even if the long-arm statute were satisfied, Defendants do not have minimum contacts with Florida sufficient to satisfy the Due Process clause;

4.    The Court does not have personal jurisdiction over Defendants pursuant to Rule 4(k)(2) because exercising jurisdiction would not be consistent with the United States Constitution; and

5.    Plaintiff's claim for conspiracy does not provide a basis for personal jurisdiction over the Defendants because Plaintiff has not established that Defendants committed a tortious act in Florida in furtherance of the alleged conspiracy. *Id*.

In its Objections, Plaintiff re-asserts the bulk of the arguments it raised in response to the Motions. *See* [ECF No. 218]. In addition, Plaintiff argues that the Report (1) failed to consider the broader range of activity that constitutes trafficking under the Act; (2) ignored evidence including that US export law required that the blades make a stop in Miami enroute to Cuba; (3) failed to

construe inferences in favor of Plaintiff; and (4) misapplied the constitutional minimum contacts analysis. [ECF No. 282].

## LEGAL STANDARD

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In her Report, Judge Otazo-Reyes finds that this Court does not have personal jurisdiction over Defendants. Based on its *de novo* review of the record, including the Report, Plaintiff's objections, and Defendants' response, this Court agrees. Therefore, the Court adopts her well-reasoned findings and conclusion that the claims against Defendants should be dismissed for lack of personal jurisdiction.[3]

---

[3] After Judge Otazo-Reyes issued her Report, the Eleventh Circuit issued its opinion in *Del Valle v. Trivago GmbH*, No. 20-12407, 2022 WL 17101160 (11th Cir. Nov. 22, 2022), finding that the court had personal jurisdiction over the defendants in another Helms-Burton Act case. *Del Valle* is distinguishable from this case. There, plaintiffs were Florida residents and alleged that (1) the defendants targeted them, in Florida, through emails and advertising; (2) the plaintiffs used defendants' websites to book hotels in Cuba, and (3) the defendants earned a "substantial part" of their revenue from Florida residents. *Id.* at *2-4, 6. In addition, *Del Valle* was decided based on the allegations in the Complaint, without the benefit of jurisdictional discovery. Here, the record evidence simply does not establish that Defendants engaged in any Florida-based activities that constituted a substantial aspect of the alleged trafficking.

**CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Otazo-Reyes's Report [ECF No. 277] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

2. Defendants' Motions to Dismiss for Lack of Personal Jurisdiction, [ECF Nos. 197, 198, 201, and 202], are **GRANTED**.

3. This action is **DISMISSED without prejudice.**

4. This action is **CLOSED**, and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of December, 2022.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE